DUNNING and Others *v.* DRIVER, Administrator of DUNNING.

DECEDENTS' ESTATES.—Petition by an administrator for the sale of real estate to pay certain debts and legacies, and the costs of administration. The petition alleged that there was no personal estate. Answer: that the cause of action, except the costs, did not accrue within six years, &c. Reply, that the person to whom said debts and legacies were owing had been ever since the death of the testator a married woman. Demurrer to the reply.

*Held,* that the answer pleaded in bar of the petition did not constitute a bar, as the costs were a proper charge against the estate, and no reason was shown why the real estate should not be sold to pay them.

*Held,* also, that the reply was good enough for a bad answer.

PRACTICE.—Where a correct result has been reached below, the Supreme Court will not reverse the judgment.

APPEAL from the *Switzerland* Common Pleas.

FRAZER, C. J.—This was a petition by an administrator to sell real estate to pay debts and expenses of administration.

The second paragraph of the answer alleged that "the cause of action, except the court costs mentioned in the petition, did not accrue within six years before the commencement of this action, nor within six years before granting letters of administration on the estate to the administrator, *Driver*." To this it was replied, that "*Harriet Driver*, to whom said debts and legacy were due, has been at all times since the death of the testator a married woman; and that said legacy was given, and said claim was due to her in her own right." The first question before us is upon the overruling of a demurrer to this reply.

The second paragraph of the answer was pleaded in bar of the petition, which alleged that there was no personal estate whatever. It was not a bar. The real estate was liable for the proper costs of administration, and the paragraph shows no reason why it should not be sold for that purpose. The reply was good enough for a bad answer, and, inasmuch as it could not be error to overrule a demurrer to it, it is useless for us to discuss the question further.

The remaining questions arose on the trial upon the admission and refusal to admit evidence, and the giving and refusal to give instructions to the jury. These were made the foundation of a motion for a new trial, which was correctly overruled, inasmuch as the verdict was clearly right upon the evidence. A large amount of costs had accrued in the administration, and the liability of the estate therefor was not questioned in the evidence. In the absence of personal estate, the land was subject to be made assets for their payment. That there was no such personal estate thus applicable, appeared by the last will of the decedent, which disposed of all his property of that kind, and charged certain lands with the payment of debts and legacies. The subject to which all these other questions relate was a claim made by one *Driver* and wife, which had been allowed. It was claimed that it had been previously paid, and that the administrator had fraudulently colluded with *Driver* to get

it allowed. If this be so, and the evidence in the record before us is not well calculated to allay such a suspicion, the parties interested may have a remedy open to them by which complete justice can yet be obtained. But inasmuch as the questions alluded to cannot affect our judgment, in view of section 580 of the code, and are therefore immaterial, and any opinion now given upon them would possibly embarrass the parties hereafter, we do not now examine them.

The judgment is affirmed, with costs.

*J. Dumont*, for appellants.

*A. C. Downey*, for appellee.