## GEORGE BRISCOE *et al.*

*v.*

## JOHNSON A. POWER.

1. MORTGAGES—*of subsequent successive conveyances by the mortgagor.* It was laid down in the case of *Iglehart* v. *Crane & Wesson,* 42 Ill. 261, that where mortgaged premises were conveyed in parcels at successive periods, the several parcels were subject to the mortgage in the inverse order of their alienation.

2. But this doctrine has no application where the deed of alienation expressly subjects each tract to the incumbrance. In such a case, the parcels are subject to their *pro rata* share of the incumbrance.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

The facts of this case, and the errors assigned, will fully appear from the opinion of the court.

Messrs. SMITH & SCHAEFFER, for the plaintiffs in error.

Messrs. WILLARD & GOODNOW, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In 1861, Catharine Vaunear bought of Samuel Gaty, a tract of land, and executed to him five promissory notes and a deed of trust on the premises, to secure the part of the purchase money left unpaid. She soon afterwards sold and conveyed the land to Loyd, the conveyance being expressly made subject to the deed of trust. Loyd first conveyed a part of the land to George Briscoe, afterwards, the residue to Power, the complainant herein, both of these conveyances being also made expressly subject to the trust deed. Both purchasers made valuable improvements upon their respective

parcels. It should be further stated that there was a written agreement between Loyd and Gaty that the latter should release from the deed of trust, the part afterwards sold to Briscoe, on the payment of one-half of the purchase money, and this agreement was assigned by Loyd to Briscoe, when the latter bought, and by him reduced to record. After both these sales, Edgar L. Briscoe, a brother of George, bought the unpaid notes from Gaty, and was proceeding to sell, for their payment, that portion of the land sold to Power, when the latter tendered to the trustee, in money, his proportionate share of the debt, and requested him to first offer the part bought by George Briscoe, and if that did not bring the residue of the debt, then to sell his portion. The trustee refused, and sold the land of Power for a sum sufficient to satisfy the debt, Edgar L. Briscoe being the purchaser. Power then filed this bill, offering to bring the money into court, praying that the sale and deed be set aside, and that Edgar L. Briscoe be required to accept the *pro rata* share of said complainant, and then first sell the land of George Briscoe, who was also made a party to the bill. The court so decreed, and the defendants have brought the record here.

We held in the case of *Iglehart* v. *Crane & Wesson,* 42 Ill. 261, that where a mortgagor sells the mortgaged premises in parcels, at successive periods, the different parcels should be subjected to the payment of the mortgage in the inverse order of their alienation. That rule rests upon the reason, that where the mortgagor sells a part of the mortgaged premises without reference to the incumbrance, purporting to convey the fee simple, and retaining a part himself, it is equitable, as between the mortgagor and his grantee, that the part still held by the mortgagor should be first subjected to the payment of the debt, and this equity having attached to the land, a subsequent purchaser from the mortgagor, with notice, takes it subject to the same equity. But it is evident that this reasoning has no application

to a case like the present, where the first purchaser expressly takes subject to the mortgage. In such cases the purchaser has no equity, as against the mortgagor, that the portion still held by the latter shall be first applied to the payment of the incumbrance, and, having no equity against him, of course has none against his grantee. The first purchaser, by taking expressly subject to the mortgage, consents that the land conveyed to him shall remain subject to its *pro rata* share of the debt.

In the present case, not only was the deed from Loyd to George Briscoe made expressly subject to the mortgage, but the agreement between Loyd and Gaty, for the release of the part sold to Briscoe, on payment of its *pro rata* share, and the assignment of that agreement to George Briscoe, show it was the clear intention of the parties, that this part should remain subject to its *pro rata* share. Under these circumstances, it was plainly inequitable in Edgar L. Briscoe, the owner of the notes and mortgage, to attempt to impose the entire burden of the mortgage on Power, and thereby wholly exempt the land of his brother, which was equally liable. When Power tendered to him his *pro rata* share, he should have accepted the money, and should have sold the land of George Briscoe before selling that of Power. The course actually taken was evidently the result of an inequitable combination between the two brothers, for the purpose of imposing wholly upon Power a burden which should have been shared between him and George Briscoe.

*Decree affirmed.*