## JACOB VOGEL
### v.
## SYLVANUS SHURTLIFF ET AL.

*Mortgages—Foreclosure—Inverse Order of Alienation—Waiver of Rule —Contribution—Interest.*

The operation of the rule that, as between the grantees of different portions of mortgaged premises, the respective parcels are liable in the inverse order of their alienation, may be waived, limited or modified by the deed to the earliest grantee so as to bind such grantee and those claiming under him.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of DeWitt County; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. GRAHAM & MONSON, for appellant.

Messrs. MOORE & WARNER, for appellees.

PLEASANTS, J. This case, under the title of Brown and Emery v. Shurtliff, was before us at May term, 1886, and an opinion therein was filed November 20, 1886, [24 Ill. App. 569,] reversing the decree and remanding the cause with directions for further proceedings therein, and afterward also before the Supreme Court under the title of Vogel v. Brown et al., reported in 120 Ill. 338. It will therefore be unnecessary to state here any more of the case than has since transpired.

Being remanded, the cause was further heard pursuant to the directions given on an agreed state of facts, and decree made, finding and decreeing that the complainant (Shurtliff) was entitled to contribution and to be repaid the sum of $685.66, with interest at six per cent. from January 2, 1882, when his land was sold; that Frank Adkisson was chargeable with one half of said sum, to wit, $458.27, which should be a lien on his lot three, and his reversionary interest in lot four; that Andrew Hutchin, by his covenants in his deed from Thomas B. Adkisson of lot five and his acceptance of the same, became chargeable with the part of the mortgage debt with which his grantor was personally chargeable (as between the widow and heirs) except $200 thereof, and that this amounted to $191.14, which should be a lien on that part of lot five which he had conveyed to Vogel; that Thomas B. Adkisson is chargeable with $267.14, which should be a lien on his reversionary interest in lot four; and of the costs one-half was charged to lot three, three-tenths to the reversionary interest of Thomas B. Adkisson, and two-tenths to the part of lot five conveyed by Hutchin to Vogel.

The controversy now here, is between the parties holding respectively the several interests upon which Thomas B. Adkisson's portion of the mortgage debt is charged by the decree. Leaving the other portion of that debt out of view, the case may be stated thus: Thomas B. Adkisson mortgaged his lot five and his reversionary interest in lot four, to secure the payment of $458.27. He then conveyed lot five to Andrew Hutchin, and afterward his reversionary interest in lot four to C. H. Moore. Each of these interests is of sufficient

value to pay the incumbrance in full, and the question is, whether only one, or both, and which, should be charged, and for what proportion of the debt.

There is no disagreement about the rule that, as between the grantees of different parcels of mortgaged premises, their respective parcels are liable in the inverse order of their alienation by the mortgagor, and that it applies also to subsequent purchasers who have notice, actual or constructive. Iglehart v. Crane, 42 Ill. 261; Vogel v. Brown, 120 Ill. 338. Appellant having purchased from Hutchin, the earliest grantee of the mortgagor, and succeeded to his rights, claims that, under this rule, the parcel subsequently conveyed to Moore, being the reversionary interest in lot four, should be first charged. But the operation of this rule may be waived, limited, or modified by the terms of the deed to the earlier grantee, which will also bind those claiming under him. Briscoe v. Powers, 47 Ill. 447; 2 Jones on Mortgages, Secs. 1092, 1620, 1625, and note 4; and the opinions in this case above referred to.

The deed from Thomas B. Adkisson to Hutchin contained, after the description of the lands conveyed, the following provision: "Said land being sold and this deed made and accepted subject to a certain trust deed or mortgage (describing the one here in question, and reciting in substance the provision of the partition decree for the sale of lot one, to pay the incumbrance, and these proceedings). After which ten acres is so sold and the proceeds so applied, then the said T. B. Adkisson shall be bound to further protect said Hutchin to the amount of $200 against said trust deed and no more, said Hutchin to pay any excess due thereon, over the proceeds of said ten acres and said sum of $200." The sale of these ten acres did not yield enough to pay off the incumbrance, but left as T. B. Adkisson's share of the deficiency the sum of $458.27, above stated as the mortgage debt. Appellee Moore, who assigns cross-errors, claims that, under this provision, the operation of the rule was not only waived by Hutchin, but that he assumed to pay, and accepted as a charge upon the lot he purchased, the entire amount of any deficiency that should remain after the application of the proceeds of lot

one, looking only to the personal liability of his grantor for reimbursement to the extent of $200, if the deficiency should exceed that amount.

We agree that there is room for debate as to the true construction of this provision, but on the whole are inclined to think it was intended to be an absolute assumption by Hutchin of only the excess of such deficiency, if any there should be, over $200 ; that as to such $200 the operation of the rule was not waived, but that, besides whatever protection it might afford, he was to have also that of the personal covenant of his grantor, the mortgagor, which however did not, as to Hutchin, release lot four from the operation of the mortgage and rule. Had it simply subjected the land to the trust deed, the whole of lot five, together with T. B. Adkisson's interest in lot four, would have been liable, *pro rata* for all the deficiency. Briscoe v. Power, *supra.* But it was not so provided. The real agreement is expressed in what follows the reference to the partition decree, and is that Hutchin is "to pay any excess due thereon over the proceeds of said ten acres (lot one) and said sum of $200." When this deed was made the grantor retained his interest in lot four, which therefore would have been primarily liable for the whole mortgage debt, except as in said deed otherwise provided, and being confessedly of sufficient value would thus have protected the land thereby conveyed. It did otherwise provide; and the expression of Hutchin's obligation to pay the excess of deficiency remaining over $200, is an exclusion of all obligation to pay the $200. It further expressly bound the grantor to "protect said Hutchin to the amount of $200 against said trust deed." As between them we think these provisions amounted to a release of Hutchin's land from the mortgage, to the extent of $200, and not a mere agreement to repay or reimburse him. He was not to pay it in the first instance, or at all. Moore, who afterward purchased of the same grantor another parcel of the incumbered lands, with notice of the release, can not complain.

In their brief, counsel present a statement of the amounts paid, and by the decree ordered to be paid as charges upon

the several lots and parcels of the mortgaged premises, and claim that the inequality of these amounts show the iniquity of the decree. But the mortgage debt was at first equally and equitably apportioned upon the several interests of the mortgagors respectively. Those who have paid are not here complaining, though their proportion seems to have been larger than that of Thomas B. Adkisson. As between the parties here contesting who claim under him, the inequality results from his agreement with Hutchin, of which Moore had notice when he purchased, and the conveyance of these parcels successively, whereby the one last conveyed became primarily liable for the whole debt, except as otherwise provided by said agreement, which is not inequitable to Moore.

The decree charges Thomas B. Adkisson with interest from the time the bill herein was filed. That was after the deficiency was known to exceed $200, which, therefore, was then due. Hutchin is in like manner charged with interest from that time. We see no wrong in this; and the costs are imposed in the same proportion.

*Decree affirmed.*