Filed Jan. 6, 1891.

---

No. 15,930.

## VAUGHAN v. DOWDEN, ADMINISTRATOR, ET AL.

MARRIED WOMAN.—*Husband's Real Estate.—Foreclosure of Mortgage on.— Wife's Right of Redemption.*—A wife who has joined with her husband in the execution of a mortgage upon his real estate to secure his debt, after foreclosure and sale upon a decretal order, she being a party to the foreclosure proceeding, and her husband being still in life, has a

right, under section 769, R. S. 1881, to redeem from the sale. She holds such a contingent interest in her husband's real estate as amounts to a qualified ownership, and she has a right to protect it. She has a right to redeem on the same terms as others who are embraced within the statute.

From the Dearborn Circuit Court.

*H. D. McMullen, W. R. Johnston* and *H. R. McMullen,* for appellant.

*N. S. Givan* and *M. J. Givan,* for appellees.

BERKSHIRE, J.—There is but a single question presented by the record in this case: Has a wife, who has joined with her husband in the execution of a mortgage upon his real estate to secure his debt, after foreclosure and sale upon a decretal order, she being a party to the foreclosure proceedings and her husband being still in life, a right to redeem from the sale?

The right of redemption from a sheriff's sale is purely a statutory right, and therefore, unless the person who claims the benefit of the statute is one who comes within its provisions, it will afford him no relief.

Section 768, R. S. 1881, gives to the owner of the real estate sold the right of redemption.

Section 769 confers this right upon one who has an undivided interest in the real estate sold.

Section 771 allows judgment creditors to redeem, and section 774 is for the benefit of other lien-holders than judgment creditors.

These are the only classes of persons to whom the statute extends the right of redemption, and unless the appellant belongs to one of these classes she can not redeem.

But the statute is remedial in its character, and is, therefore, entitled to a liberal construction; and, although the wife is not a joint owner with her husband of real estate, the title to which belongs to him, in the broad sense of ownership, at the same time we think that she holds such a con-

tingent interest as amounts to a qualified ownership, and which she has a ·right to protect, that it may ripen into an absolute title.

Possessing such an interest as this, we think she belongs to the class embraced in section 769, *supra*.

At common law, where the rights of married women were much more restricted than they are under our statute, the wife was entitled to redeem from a mortgage in which she had joined to protect her inchoate interest in the lands of her husband. *Davis* v. *Wetherell*, 13 Allen, 60 ; *Lamb* v. *Montague*, 112 Mass. 352.

In Jones 'Mortgages, section 1067, it is said, by the author : " And even a wife having only an inchoate right of dower may redeem land from a mortgage in which she has joined with her husband to release dower."

In *Gatewood* v. *Gatewood*, 75 Virginia, 407, the court says : " The dower interest of the wife constitutes a valuable consideration for a settlement which will be upheld against the claims of creditors ; and this doctrine has been re-affirmed and followed in a number of cases.    That the dower interest of the wife in the husband's estate is such as entitles her to redeem, seems, therefore, too clear for .controversy.    Fortunately we are not without express authority on the subject, and very high authority too."    The court then refers to the elementary author referred to above, and  quotes the language which we have quoted.    But the Virginia court, after referring to the two Massachusetts cases above, goes on to say :   " If there is a  single decision or *dictum* to the contrary, I have not been able to find it.    In both the Massachusetts cases it was held, that although the wife's interest is of a limited kind, she has the right to protect it, and prevent its extinction, by paying off the entire mortgage debt ; for the mortgage creditor is not bound to receive less than the whole amount due him ; and the rule seems to be well established, that however partial or limited may be the party's interest in the property, he has the right to

Vaughan *v.* Dowden, Administrator, *et al.*

protect it by redeeming the mortgage, and he will hold the estate until he is indemnified for the amount he has advanced." 3 Pomeroy Eq. Jur., section 1220; 5 Wait Actions and Def. 427.

The same forcible reasons exist for giving to the wife the right of redemption under the statute that existed at common law, and it was evidently the intention of the Legislature to confer this right upon all persons who held it at common law, and they have done so unless the wife is excluded. There is nothing in the language employed which would justify us in holding that she is excluded, and we are not inclined to so hold.

In *Buser* v. *Shepard*, 107 Ind. 417, although the question now under consideration was not before the court for decision, and what was said relating to it must be regarded as *dicta*, still it indicates the mind of the court at that time and strongly supports our conclusion : " The right of redemption exists only in favor of one who has an interest in the land sold. This interest may be either legal or equitable, absolute or inchoate. It may have arisen by operation of law or otherwise, but it must be an interest, the security and protection of which render the equitable right of redemption necessary, and it must have been derived mediately or immediately from the mortgagor or judgment debtor." See *Eiceman* v. *Finch*, 79 Ind. 511.

At common law there could be no redemption except upon the payment of the entire indebtedness secured by the mortgage, as is suggested by counsel for the appellees, but if the wife is entitled to redeem under the statute where she has an inchoate interest she may do so on the same terms as others who are embraced within it.

We are of the opinion that the court erred in sustaining the demurrer to the complaint.

Judgment reversed, with costs.

Filed Jan. 6, 1891.