No. 13,476.

## FALLEY *v.* GRIBLING.

DECEDENTS' ESTATES.—*Insufficiency of Personal Assets.*—*Payment of Indebtedness by Purchase of Part of Real Estate.*—*Right of Contribution.*—A purchaser of land set off to one of the children of a decedent in a partition proceeding, who, in order to prevent the land so purchased by him from being sold to discharge outstanding claims against the estate, pays off such indebtedness, the executor not having any assets with which to do so, is entitled to contribution from one who has also purchased a portion of said estate, but who refuses to pay his proportion of said indebtedness.

SAME.—*Expenses of Administration.*—*Real Estate of Decedent Liable for.*—Under our statute, the land of a decedent is subject to be sold by an executor or administrator to make assets with which to pay the expenses of administration.

SAME.—*Statute of Limitations.*—*Application to Sell Land to Pay Debts.*— *When Must be Filed.*—The fifteen years' statute of limitations applies to applications of an executor or administrator to sell lands for the purpose of making assets with which to discharge the liabilities of the estate represented by him. The statute does not begin to run, however, until the executor or administrator discovers the insufficiency of the personal estate, and that it is necessary to sell land to make assets to pay off such liabilities.

SAME.—*Statute of Limitations.*—*Defence of.*—*How Pleaded.*—*Demurrer.*—*Complaint.*—In an action by an executor to sell land of a decedent for the purpose of discharging liabilities against his estate, a demurrer will not lie to the complaint on the ground that the action is barred by the statute of limitations, unless the complaint affirmatively shows that such is the fact. The statute of limitations must be pleaded, and is not available on demurrer unless it affirmatively appears that the case is not within any of the exceptions to the statute.

PLEADING.—*Sufficiency of Complaint.*—*Motion to Make More Specific.*—In the absence of a motion to make more specific, a complaint sufficiently alleges a conveyance of land to the plaintiff which avers that the plaintiff " purchased " the same.

PRACTICE.—*Uncertainty in Complaint.*—*How Reached.*—*Demurrer.*—A demurrer will not lie to a complaint for uncertainty. The remedy is by motion to make the complaint more specific.

SUPREME COURT.—*Absence of Objection Below.*—*Effect of on Appeal.*—The Supreme Court will not reverse rulings of the circuit court to which no objection was made and no exception reserved, and rulings which the court below had no opportunity to correct.

From the Tippecanoe Circuit Court.

*R. P. Davidson* and *J. C. Davidson*, for appellant.

*W. C. L. Taylor*, for appellee.

COFFEY, J.—This was an action by the appellee against appellant and seven other persons, commenced in the Tippecanoe Circuit Court. Judgment was rendered against the appellant by default. No application was made to set aside the default, nor to modify the judgment. It is not disputed that the circuit court had jurisdiction of the subject-matter of the suit, and of the person of the appellant. It is apparent, therefore, that the only question before us relates to the sufficiency of the complaint in the cause. We can not undertake to review rulings of the circuit court to which no objection was made and no exception reserved, and rulings which the court below had no opportunity to correct. *Wilcox* v. *Monday*, 83 Ind. 335.

The complaint in the cause is lengthy, but the material facts alleged are that John Taylor died testate, in Tippecanoe county, in the year 1865, leaving, as his legatees and heirs at law, Emma L. Taylor, his widow; Susan B. Taylor, Marshall B. Taylor, William C. L. Taylor, Charles B. Taylor, Henry S. Taylor, Frederick D. Taylor and Grace J. Taylor, his children. William A. Potter qualified as executor of the will of the said John Taylor, and took upon himself the duties of the trust. Before the settlement of said estate a portion of the land devised by the will was partitioned among the several children of John Taylor, above named. On the 21st day of January, 1876, and after the partition of said land, the executor made a report to the common pleas court of Tippecanoe county, in which he stated that the outstanding claims against said estate amounted to the sum of $799.12, and showing that he was without assets to pay the same. At the time of the filing of this report a large portion of the land set off in the partition proceeding, to the heirs and legatees of John Taylor, had

passed into the hands of third parties, among whom were the appellant and the appellee in this case. At the April term of the circuit court, 1881, said executor filed a petition to sell that portion of the land set off to William C. L. Taylor to make assets with which to pay said indebtedness, to which petition the appellee was made a party, he, at that time, owning an interest in that portion of the land.

At the request of the executor, the court made a special finding of the facts, from which it appears that the court found that the land was liable to be sold to make assets for the payment of the debts due from said estate. The indebtedness consisted of a balance due the executor, balance due for attorney's fees, unpaid costs accrued, and estimated costs to accrue on the final settlement. The complaint alleges that the appellee, in order to save his land from sale under this proceeding, was compelled to and did pay said indebtedness, amounting to the sum of $714.49. The parties owning the different shares of said land have all paid their proportion of the sum necessary to pay said claims, except the defendants to this action, to whom the shares allotted to Marshall B. Taylor, Frederick D. Taylor and Henry S. Taylor have been conveyed. Before the commencement of this suit the appellee demanded of the appellant his proportion of the amount paid to discharge the liabilities against the estate of John Taylor, deceased, but he refused to pay the same. The complaint prays for a finding as to the amount due from the appellant, and that the same be declared a lien on the land owned and held by him which formerly belonged to the estate of John Taylor.

Many objections are urged to this complaint which go to the question of its uncertainty. It must be confessed that the complaint before us is not a model pleading, but it has been so often decided that a demurrer is not the remedy for uncertainty that the rule is quite familiar to the profession. The remedy for uncertainty is by motion to make more specific. If uncertainty can not be reached by demurrer, it certainly

can not be reached, in this court, by an assignment of error calling in question the sufficiency of the complaint.

The complaint under consideration proceeds upon the theory that the appellee, by the payment of the claim therein named, discharged a common burden which rested alike upon his land and the land of the appellant, and that by reason of the discharge of such burden, he is entitled to contribution from the appellant.

The material questions in the case, therefore, are, does it appear from this complaint:

*First.* That the appellant and the appellee each owned land which was inherited by the heirs of John Taylor, deceased, or that had been devised to them by his last will?

*Second.* Was such land liable to be sold for the payment of the claims described in the complaint? and

*Third.* . Did the appellee pay the whole of said claim?

Where one discharges a lien which rests alike upon the property of himself and others, he is entitled to contribution from those whose property has been thus relieved from the common burden. *Cook* v. *Cook,* 92 Ind. 398; *Taylor* v. *Taylor,* 8 B. Mon. 419; *City of New Orleans* v. *City of Baltimore,* 15 La. 625.

" The doctrine of contribution, in such cases, rests on the principle, that where parties stand in *æquali jure,* equality of burthen becomes equity." 4 Kent Com. 371.

It sufficiently appears that the appellee paid the claims mentioned in his complaint.

It is contended, however, by the appellant, that the executor could not sell the land to make assets for the payment of the claims set out in the complaint, as they were the expenses of administration, and were not debts which constituted a lien upon the land of John Taylor, deceased.

At common law the land of a deceased person was not, ordinarily, assets to pay personal debts.

As to whether the land of a decedent, descending to his

heirs, or bequeathed to them or to others, is subject to sale by the executor or administrator to pay the costs of administration, necessarily depends upon the statutes of the State where the application is made. It is held in the States of Alabama, Illinois, Massachusetts, Mississippi, Missouri, New York, Pennsylvania, and, perhaps, other States, that the land of a deceased is not subject to sale for the payment of the expenses incurred in the settlement of an estate. *Owens* v. *Childs,* 58 Ala. 113; *Fitzgerald* v. *Glancy,* 49 Ill. 465; *Walker* v. *Diehl,* 79 Ill. 473; *Dubois* v. *McLean,* 4 McLean, 486; *Dean* v. *Dean,* 3 Mass. 258; *Moore* v. *Ware,* 51 Miss. 206; *Farrar* v. *Dean,* 24 Mo. 16; *Filch* v. *Witbeck,* 2 Barb. Ch. 161; *Grice's Estate,* 11 Phila. 107.

On the other hand, it is held in the States of New Jersey, California, Maine, Indiana, and other States, that the land of a decedent is subject to be sold by an executor or administrator to make assets with which to pay the expenses of administration. *Personette* v. *Johnson,* 40 N. J. Eq. 173; *Stevens* v. *Burgess,* 61 Maine, 89; *Griffith* v. *Frederick County Bank,* 6 G. & J. 424; *Abila* v. *Burnett,* 33 Cal. 658; *Dunning* v. *Driver,* 25 Ind. 269.

Section 2332, R. S. 1881, provides, " If the personal estate of a decedent shall be insufficient for the payment of the liabilities thereof, the real estate of the deceased, if any, shall be sold to make assets for the payment of such liabilities."

Section 2378, R. S. 1881, provides that, unless otherwise provided, the debts and liabilities of a decedent shall be paid in the order therein named, and makes the expenses of administration the first in order of the liabilities to be discharged.

It can not be successfully maintained that the estate of a decedent in this State is not liable for the payment of the expenses of administration. If such expenses constitute a liability against the estate, then our statute expressly pro-

vides for the sale of the land owned by the deceased at the time of his death to make assets for its payment.

In the case of *Dunning* v. *Driver, supra,* it was said by this court: "A large amount of costs had accrued in the administration, and the liability of the estate therefor was not questioned in the evidence. In the absence of personal estate, the land was subject to be made assets for their payment."

Following what we understand to be the true intent and meaning of our statute upon the subject, and the case of *Dunning* v. *Driver, supra,* we are constrained to hold that land in this State is subject to be sold by an executor or administrator to make assets with which to pay the expenses of administration.

Again it is objected that it does not appear from the complaint in this case that the appellee was the owner of any portion of the land owned by John Taylor at the time of his death, when he paid the claim described, or that the appellant was the owner of any portion of such land by conveyance from the heirs or legatees.

Upon these subjects the complaint is uncertain and indefinite, and a motion to compel the appellee to make it more specific would have been sustained, no doubt, had such a motion been made.

It is alleged in the complaint that the appellee "purchased" one of the shares set off in the partition proceeding, which allegation is followed by a particular description of the land purchased, but there is no direct allegation that the land had been conveyed.

The word "purchase" is defined to be a term which includes every mode of acquiring an estate known to the law, except that by which an heir, on the death of his ancestor, becomes substituted in his place, as owner, by operation of law. 2 Washburn Real Prop. 401.

One mode of acquiring real property by purchase is by deed. Cruise Dig. Tit. 30, sections 1–4.

Webster defines "purchase" to be the act of obtaining or acquiring title to lands and tenements by money, deed, gift or any means, except by descent.

In the absence of a motion to make the complaint more specific, we think it should be held that it sufficiently appears that the appellee owned an interest in the land subject to be sold by the executor, at the time he paid the claim for the payment of which he is now seeking contribution.

It is directly alleged that the appellant owned an interest in the land at the time the claim was paid by the appellee.

As the land was owned by John Taylor at the time of his death and was set off to one of his heirs in the partition proceeding, the legal presumption is that he acquired title through the heir to whom it was partitioned.

If he acquired a paramount title, that was matter of defence.

Finally, it is urged that the right of the executor to sell the land for the payment of this claim was barred by the statute of limitations at the time of its payment by the appellee.

The statute of limitations must be pleaded and is not available on demurrer, unless it affirmatively appears that the case is not within any of the exceptions to the statute; and a demurrer raises no question under the statute of limitations, where the pleading demurred to does not show affirmatively that the case is not within any of the exceptions to the statute. *Devor* v. *Rerick*, 87 Ind. 337; *Thompson* v. *Parker*, 83 Ind. 96; *Wilson* v. *Ensworth*, 85 Ind. 399; *Lucas* v. *Labertue*, 88 Ind. 277; *State, ex rel.,* v. *Younts*, 89 Ind. 313; *Hogan* v. *Robinson*, 94 Ind. 138.

The same rule should be applied in a case like this where the sufficiency of the complaint is called in question for the first time by an assignment of error.

The fifteen years' statute of limitations applies to applications of an administrator to sell land for the purpose of

Falley *v.* Gribling.

making assets to pay the liabilities of the estate represented by him.  *Scherer* v. *Ingerman*, 110 Ind. 428.

This case seems to be decisive of the question now under consideration.  It is held, in this case, that the statute of limitations does not begin to run until the executor or administrator discovers the insufficiency of the personal estate, and that it is necessary to sell land to make assets for the payment of the liabilities against the estate.

It does not appear from the complaint before us when the claim paid by the appellee accrued, nor does it appear at what time the executor discovered that the personal estate was not sufficient to pay all the liabilities against John Taylor's estate.  It does not appear by the complaint, therefore, that the right of the executor to sell land to make assets for the payment of the expenses of administration was barred at the time the appellee paid the claim for such expenses.

No question as to the amount to be recovered by the appellee properly arises on this record.  If it appears that he is entitled to any amount, the complaint states a cause of action.

Our final conclusion, after a careful consideration of all the questions presented and argued, is, that the complaint before us states a cause of action in favor of the appellee against the appellant.

Many other questions are presented and argued by counsel for the appellant, in an able brief, involving matters not pertaining to the sufficiency of the complaint, but as we have seen, no question is before us other than the question as to whether the complaint states a cause of action.

We find no error in the record for which the judgment of the circuit court should be reversed.

Judgment affirmed.

Filed Feb. 7, 1891; petition for a rehearing overruled April 23, 1891.