## KAUFMAN v. ELDER, EXECUTOR, ET AL.

[No. 19,123.   Filed February 14, 1900.]

DESCENT AND DISTRIBUTION.—*Debts of Testator.—Liabilities of Distributees.—Sales of Real Estate for Payment of Debts.—Contribution.*—Plaintiff as executor filed a petition to set aside a conveyance of eighty acres of land made to defendant by testator, and for the sale thereof for the payment of a mortgage and other debts of testator. Defendant filed a cross-complaint showing that the mortgage was executed by testator upon 241 acres of land owned by testator which he afterward conveyed as gifts, in parcels, to several persons, including cross-complainant, making the several grantees defendants to the cross-complaint, and asking for the enforcement of a ratable contribution from all.   *Held*, that the facts averred were sufficient to entitle cross-complainant to a decree making the indebtedness a charge against all of the parcels of land conveyed by testator as benefactions according to the value of the several parcels.

From the Vermillion Circuit Court.   *Reversed.*

*M. G. Rhoads* and *B. S. Aikman,* for appellant.
*H. H. Conley* and *R. E. Whitlock,* for appellees.

HADLEY, C. J.—The appellee, Elder, as executor of Benjamin F. McRoberts, filed in the court below his petition to sell real estate to pay debts.   The petition stated that the testator left neither widow nor child; that he left a personal estate of the value of $153, and real estate of the value of $100, and a probable indebtedness of $3,700, including a debt of $2,300 secured by the testator on lands owned by him in his lifetime.   It is then averred that the testator, ten days before his death, by deed, conveyed a certain eighty acres of land owned by him, of the probable value of $4,000, to the defendant, Nancy J. Kaufman, during her nautral life, with remainder in fee at her death to the defendant, Dana Lodge, No. 247, Knights of Pythias; that said conveyance was a gift, and without any consideration; that the testator, at the time of said conveyance, was in-

debted to various persons in the aggregate sum of $3,700; and that he had remaining, and afterwards acquired, no other property subject to execution with which to pay his then existing debts; that the testator, before said conveyance, had executed a mortgage on said eighty acres to secure a debt for $2,300, which remains unpaid.

Prayer, that the conveyance be adjudged fraudulent as against creditors, and that the land be ordered sold for the payment of said mortgage and other indebtedness of the estate.

Appellant's motion to make the petition more specific was overruled, as was also her demurrer thereto. She then filed an answer in two paragraphs, to the second of which the executor's demurrer was sustained. Defendant, the Pythian Lodge, filed an answer in general denial.

Appellant then filed a cross-complaint, which the executor unsuccessfully moved to strike from the files. The executor's demurrer to the cross-complaint was then filed and sustained. Trial on the general issue, finding for the executor, and, after denial of appellant's motion for a new trial, judgment was rendered for the executor to the effect that the conveyance to the defendants, Kaufman and Pythian Lodge, "is hereby declared void as to creditors of said estate, and said real estate is hereby made subject to sale by said executor to make assets to pay the debts of said estate; * * * said real estate to be sold to discharge said mortgage lien and other debts, and the proceeds of such sale shall be applied, first, to the payment of said mortgage indebtedness and then to the payment of other expenses and claims in the order of their priority; and if anything remains after paying all of said indebtedness and expenses, the same shall be paid into court" for further orders. The appraisement of the eighty acres filed was $3,600.

The appellant has assigned error upon all the adverse rulings, but the real question involved arises upon the action of the court in sustaining the executor's demurrer to the

appellant's cross-complaint. It is averred in the cross-complaint that the testator in his lifetime was the owner in fee of 241 acres of land in Vermillion county, and that before his death he prepared, signed, and acknowledged five different deeds of conveyance, one of which conveyed to the cross-complainant the eighty acres in controversy; another of which conveyed to said executor, Samuel Elder, forty acres; another conveyed to Sallie A. McCown and Mary A. Ayres forty acres; another conveyed to Ed. McRoberts sixty-six acres; and the other conveyed fifteen acres to the said Samuel Elder, in trust, to pay for the monument and other expenses of the grantor and his estate; that, after the execution of the deeds, the testator delivered all of them at the same time to one James, with instructions that he, James, should keep all of them in his possession until his, the grantor's, death, and thereafter should deliver each deed to the respective grantees therein named; that, pursuant to said instructions, James kept the deeds until the death of the testator and grantor, which occurred on the 26th day of December, 1898, and did thereafter, on the 29th day of December, 1898, deliver each of said deeds to the respective grantees named therein; and that each of said grantees then and there accepted his deed, and still holds the same; that all of said deeds were executed by the grantor without consideration, and were intended by the grantor, and accepted by the several grantees, as gifts, except that the said fifteen acre tract was intended and accepted as a trust for the use of the grantor; that long before the execution of said deeds, the grantor and testator executed a mortgage upon all of said 241 acres to secure to Malone a debt of $2,300, which is the same mortgage set forth in the petition; that, prior to said conveyance, the testator leased all of said 241 acres to one Robinson for one year from March 1, 1899, for a rental of $665, which the executor has not inventoried as assets; that said testator left real estate in the town of Dana, undisposed of, of the value of $200, and that the fifteen acres conveyed to Elder in trust

for the testator's estate is of the value of $750. All the grantees named in said several deeds and the lessee Robinson are made parties defendant to the cross-complaint, including the executor in his individual capacity. Prayer, that each of the defendants may be required to answer, and, upon proof of the facts alleged, that the court order that said rental of $665 be inventoried as assets, and that the deficit in the fund created by the personalty and by the sale of the Dana real estate and the fifteen acres conveyed to the executor, in trust, be assessed and levied ratably upon the lands of the cross-complainant and the lands of the said other grantees, conveyed to them by said several deeds, and that her title be quieted except as against a ratable proportion of the deficit in the payment of debts and expenses of administration.

Two questions are propounded by the demurrer to the cross-complaint: (1) Do the facts exhibited thereby entitle the cross-complainant to a decree that the debt deficit is chargeable, ratably, according to value, against all the several parcels conveyed by the testator as benefactions, at the same time and upon the same terms, or, has the executor the right to have the entire burden of the deficit imposed upon a single parcel, as he may elect? (2) May the issue be made and determined in a proceeding of this character?

Under the averments of the cross-complaint, the conveyances were by the same act, at the same time, and upon the same terms; and the lien of the mortgage and general debts of the estate had equal force and effect against all the 241 acres. The equality of burden was created by the common grantor. It existed at the time the conveyances were made. Each parcel was accepted subject to the mortgage then upon it and the existing rights of creditors. The fraud that will strike down these deeds for the benefit of creditors is but constructive. There was no *mala fides* in any of the grantees, and probably none in the grantor. Exclusive of the

mortgage indebtedness, by the application of the $665 of rents contracted for, and the real estate in Dana undisposed of, and the fifteen acres directed to the use of his estate, would probably make the estate clearly solvent. But, aside from all questions of fraud, the fact is clear that all the lands conveyed by said several deeds are held by the grantees impressed in the same way, and to the same extent, by the deficit in the payment of debts. In respect to such situations, "It is a doctrine well established, that when land is charged with a burden, the charge ought to be equal, and one part ought not to bear more than its due proportion; and equity will preserve this equality by compelling the owner of each part to a just contribution." *Stevens* v. *Cooper*, 1 Johns. Ch. 425, 7 Am. Dec. 499. See also *Falley* v. *Gribling*, 128 Ind. 110; *Cook* v. *Cook*, 92 Ind. 398; *Aiken* v. *Gale*, 37 N. H. 501; *Stroud* v. *Casey*, 27 Pa. St. 471; *Beck* v. *Tarrant*, 61 Tex. 402; *Hall* v. *Morgan*, 79 Mo. 47; *Beall* v. *Barclay*, 49 Ky. 261, 265; *Briscoe* v. *Power*, 47 Ill. 447; *Allen* v. *Clark*, 17 Pick. 47; *McLaughlin* v. *Estate of Curts*, 27 Wis. 644. The approved rule in such cases is that each part, under the common burden, shall stand as principal to the creditor for its proportion of the whole debt, according to the aggregate value of the lands affected; and the other parts stand as its surety, thus securing full protection to the creditor, and natural justice to the several owners. The same equitable principle is embodied in §2738 Burns 1894, relating to contribution by devisees and legatees.

If the cross-complainant, to save the sale of her land, had paid off the common mortgage debt and the other general debts and expenses of administration, and thus relieved the lands of the other grantees from such charge, there would be no doubt of her right to enforce ratable contribution from all. *Falley* v. *Gribling, supra,* and other cases cited above. And this brings us to the second proposition: Is she entitled to her remedy in this proceeding? We think she is. It is the policy of our civil procedure to avoid a multiplicity of

suits.  By her cross-complaint she presents no defense to
the executor's petition.  She confesses the charge asserted
against her land, and asks, only, that others equally bound
may be brought in, and the executor's claim lodged pri-
marily against all those who, in equity and good conscience,
ought to pay it.  The issue tendered is to codefendants and,
however determined, will neither delay nor injure the peti-
tioner.  He is, therefore, in no situation to say that in his
suit the defendants may not litigate rights and equities
among themselves in respect to his demand.  The principle
involved is analogous though not controlled by §1226 Burns
1894, §1212 Horner 1897, which furnishes sureties "an
easy and convenient remedy" to settle in the suit of the
payee the question of suretyship among themselves and
against the principal.

The court has full power, irrespective of statute, sitting
as a probate tribunal to take cognizance of all equitable
questions arising in such cases, and will so .mold its orders
and decrees as will accomplish equity between the parties
before it.  *Galvin* v. *Britton*, 151 Ind. 1, 11.

We can not agree with appellees' attorneys that all the
facts pleaded in the cross-complaint might have been given
in evidence under the general denial.  The grantees of said
several conveyances, other than appellant, were not made
parties to the petition to sell, and, without them being before
the court, no question as to them could have been litigated.
Substantially the same facts pleaded in the cross-complaint
were set up in the second paragraph of the answer.  These
facts constituted no defense to.the petition, and the demur-
rer thereto was properly sustained.

For error of the court in sustaining the demurrer to the
cross-complaint, the cause must be reversed.  Judgment
reversed, with instructions to overrule the demurrer to the
cross-complaint.