## Monarch Coal and Mining Co. v. Jane Hand.

1. FORECLOSURE—*Junior Mortgagees—Order of Conveyances.*—Under the rules of equity pleading, a subsequent purchaser or junior mortgagee who is made a defendant to a bill to foreclose the senior mortgage, may, by answer, ask for and obtain an order in the decree directing that the mortgaged premises be offered for sale in the inverse order of the conveyances.

2. REAL ESTATE—*Rights of Purchasers Taking Conveyances Subject to Mortgages.*—A purchaser having consented to take a conveyance of real estate subject to a mortgage upon it, will be considered as consenting that his part of the land shall remain, *pro rata,* liable for the mortgage debt.

Bill of Foreclosure.—Appeal from the Circuit Court of Fulton County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

GRIER & STEWART and J. H. HANLEY, attorneys for appellant.

Monarch Coal & Mining Co. v. Hand.

CHIPERFIELD & CHIPERFIELD, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Appellee filed a bill to foreclose a mortgage on 116 acres of land, executed by Jonathan A. Emans and wife, on the 13th of December, 1894, to secure the payment of a promissory note for $3,500, payable to appellee. Emans and wife and appellant were made defendants. The two former were defaulted, but appellant answered and filed a cross-bill setting up a deed executed by Emans to it on July 1, 1898, whereby he conveyed to appellant a small part of the land in fee and the coal underlying the balance, and asked that in the decree foreclosing the mortgage, the portion of the premises still remaining in Emans be first offered for sale subject to the right of appellant in the premises, and that the entire premises only be offered for sale and sold in the event that the interest still remaining in Emans should not sell for a sum sufficient to satisfy the mortgage debt. The court sustained a demurrer to the cross-bill and after hearing the cause on the original bill and amended answer, rendered a decree of foreclosure, finding there was due appellee on her mortgage $3,244; that the conveyance from Emans to appellant was expressly subject to the mortgage; that appellant was mining coal from the premises, thereby committing waste; and that the land was scant security for the mortgage debt. The court refused to direct the land to be offered for sale in the order requested by appellant and enjoined it from mining any more coal from it after the expiration of forty days unless the mortgage debt should be paid.

The leading question involved is whether the court erred in refusing to apply the doctrine of marshaling assets and decreeing that the mortgaged premises be first offered for sale subject to appellant's right to mine the coal as granted by the conveyance of July 1, 1898. There was no error in sustaining a demurrer to the cross-bill. Under the rules of equity pleading, a subsequent purchaser or junior mortgagee, who is made a defendant in a bill to foreclose the

senior mortgage, may, by answer, ask and obtain an order in the decree directing that the mortgaged premises be offered for sale in the inverse order of the conveyances. Really, that was what was done in this case, for the amended answer asked for such order.

To the equitable doctrine of marshaling assets between different mortgagees, judgment creditors and purchasers, the courts of this State are firmly committed. But we do not think this is a proper case for the application of that doctrine. The conveyance to appellant expressly provides that it is made "subject to a mortgage to Jane Hand in the principal sum of $3,500." A purchaser having consented to take a conveyance of real estate subject to a mortgage upon it, must be considered as consenting that his part of the land shall remain, *pro rata*, liable for the mortgage debt. Briscoe et al. v. Power, 47 Ill. 447; Boone et al. v. Clark et al., 189 Ill. 466. We quote from the opinion of Justice Lawrence in Briscoe et al. v. Power, *supra:*

" We held in the case of Iglehart v. Crane & Wesson, 42 Ill. 261, that where a mortgagor sells the mortgaged premises in parcels, at successive periods, the different parcels should be subjected to the payment of the mortgage in the inverse order of their alienation. That rule rests upon the reason that where the mortgagor sells a part of the mortgaged premises, without reference to the incumbrance purporting to convey the fee simple, and retaining a part himself, it is equitable, as between the mortgagor and his grantee, that the part still held by the mortgagor should be first subjected to the payment of the debt, and this equity having attached to the land, a subsequent purchaser from the mortgagor, with notice, takes it subject to the same equity. But it is evident that this reasoning has no application to a case like the present, where the first purchaser expressly takes subject to the mortgage. In such cases, the purchaser has no equity, as against the mortgagor, that the portion still held by the latter shall be first applied to the payment of the incumbrance, and having no equity against him, of course has none against his grantee. The first purchaser, by taking expressly subject to the mortgage, consents that the land conveyed to him shall remain subject to its *pro rata* share of the debt."

It was not error to enjoin appellant from further mining

coal from the premises after forty days unless the mortgage debt should be paid. The evidence tended to show that the land was scant security for appellee's debt, and the court so found, although there was a conflict in the testimony upon that point. Large quantities of coal had already been taken from the land and a continuation of the work would depreciate appellee's security, of course.

We see no error in the decree rendered and the same will therefore be affirmed.