ANDERSON *v.* ANDERSON ET AL.

[No. 16,776.  Filed March 5, 1942.]

578

*C. W. Day* and *Tom R. White*, both of Noblesville; for appellant.

*Cloe & Campbell*, of Noblesville, for appellees.

STEVENSON, J.—The question presented by this appeal can be best understood by a brief review of the facts as found by the court, and set forth in a special

finding of facts, upon which conclusions of law were stated.

These facts disclose that on June 16, 1917, one Alma Anderson died intestate, the owner of eighty acres of real estate in Hamilton County, Indiana. She left surviving, her husband, George S. Anderson, and three sons, Fred S. Anderson, Mark A. Anderson and Byron G. Anderson. Her estate was settled without administration.

On October 11, 1927, George S. Anderson, unmarried, the three sons above named, their respective wives joining therewith, executed a mortgage on the real estate above mentioned to the Connecticut Mutual Life Insurance Company to secure a loan of $5,000.00. This mortgage was duly recorded. On September 8, 1930, Fred S. Anderson executed a mortgage covering his undivided two-ninths interest in this real estate to his wife, Mabel Anderson, the appellant herein, to secure the payment of a note, the amount of which is not recited. This mortgage was duly recorded. On November 29, 1932, the Connecticut Mutual Life Insurance Company filed suit to foreclose its mortgage, in which the mortgagors and their respective wives were named as parties defendant. The mortgage of the appellant, Mabel Anderson, was described in the complaint as junior to the lien of Connecticut Mutual Life Insurance Company; and on January 31, 1933, judgment was recovered against the parties named in the sum of $5,478.33; and the court in its decree of foreclosure specifically adjudged that this lien was superior to the mortgage of Mabel Anderson. The mortgaged premises were sold at a sheriff's sale on April 1, 1933, and a sheriff's certificate was issued to the Connecticut Mutual Life Insurance Company for the sum of $5,060.00. This left a balance unpaid on said judgment and costs of $549.53.

On March 13, 1934, George S. Anderson died intestate and unmarried, and left surviving him his three sons above named as his sole heirs at law. On March 30, 1934, Mark A. Anderson and Hortense Anderson, his wife, redeemed from the sheriff's sale and received from a clerk a certificate of redemption which they now hold, and the deficiency judgment was also assigned to them. On April 26, 1934, Fred S. Anderson filed a suit to quiet title to his undivided one-third of this real estate, but his wife, the appellant, Mabel Anderson, was not brought into this action by the service of process, nor did she voluntarily appear. Mark A. Anderson and Hortense M. Anderson filed a cross-complaint alleging that they were the owners in fee simple of this real estate, and upon the trial of this issue, the court found for them upon their cross-complaint and entered a decree quieting their title. A commissioner was appointed to release the mortgage of Fred S. Anderson to the appellant. This judgment was entered December 12, 1938.

On the 9th day of May, 1938, the appellant, Mabel Anderson, and Fred S. Anderson executed a quitclaim deed to the real estate involved to Mark A. Anderson and Hortense M. Anderson, and received as consideration for such deed the sum of $400.00; $150.00 of this amount was accepted by the appellant and credited upon her mortgage. Upon the payment of this amount, Fred S. Anderson dismissed his suit to quiet title; and judgment was entered on the cross-complaint as above indicated.

Subsequent to the disposition of this case, the appellant filed her suit to vacate and set aside the judgment quieting title in favor of the appellees and under which her mortgage had been ordered released of record. This judgment was challenged by the appellant because she

was not served with summons and was not a party thereto, and she accordingly asked to have the lien of her mortgage foreclosed. To this complaint, the appellees filed an answer in general denial and also a cross-complaint asking that their title be quieted against the appellant.

It was upon the issues thus formed that the court after trial made the special finding of facts, as above recited.

Upon the facts found, the court stated its conclusions of law as follows: (1) That the appellant by the execution of the quitclaim deed is estopped from setting up any right, title or interest in the real estate described; (2) that the appellees are the owners of the real estate described, and the appellant has no right, title or interest therein; (3) that the appellant take nothing by her complaint; (4) that the appellees are entitled to recover on their cross-complaint, and that their title should be quieted against the appellant; (5) that the appellees shall recover their costs.

Exceptions were taken to these conclusions of law and these conclusions constitute the first four errors relied upon for reversal. A motion for new trial was filed and overruled, and this constitutes the fifth error assigned.

Under the errors so assigned, the appellant first contends that the court erred in concluding that the quitclaim deed executed by her operates as an estoppel against her from asserting any right or claim in the real estate described. The appellant contends that in order to invoke the doctrine of estoppel, it must be specially pleaded, and that estoppel can never be predicated upon the execution of the quitclaim deed.

In passing upon this contention, we think it important to note the interest which the apellant and her

husband, Fred S. Anderson, had in this real estate at the time of the foreclosure of the mortgage given by the appellant's husband, and his father and brothers, to the Connecticut Mutual Life Insurance Company. The appellant's mortgage was noted in the judgment and decree of foreclosure, whereby the same was declared to be a lien, junior and inferior to the lien of the insurance company's mortgage. Upon foreclosure and sale of the real estate, the appellant's interest therein, as junior mortgagee, was barred and her only right remaining was the right to redeem from the sale of the first mortgage. The appellant, having failed to redeem and the year for redemption having passed, the rights of the appellant in and to the mortgaged premises were lost. *Luken* v. *Fickle* (1908), 42 Ind. App. 445, 84 N. E. 561; *Becker* v. *Tell City Bank* (1895), 142 Ind. 99, 41 N. E. 323; *Breedlove* v. *Austin* (1897), 146 Ind. 694, 46 N. E. 25.

The fact that the appellee Mark A. Anderson, as the owner of an undivided interest in the mortgaged real estate and one of the original mortgagors, redeemed from the foreclosure sale, does not operate in this instance to vacate the sale and restore the interest of appellant's husband, Fred S. Anderson, to the mortgaged premises, free from the lien of the mortgage debt. Fred S. Anderson, as owner of an undivided one-third interest in the real estate following the death of his father, was equally liable for the payment of the mortgaged debt; and as an owner in part of the mortgaged premises had a right to redeem. This right he failed to exercise, and his interest was divested by the foreclosure proceedings at the expiration of the year for redemption. The appellee, as a joint owner, having redeemed from the mortgage foreclosure sale, was entitled to be reim-

bursed by his brother, Fred S. Anderson, in such sum as would be the proportionate part of his brother's obligation, or was entitled to an equitable assignment of the mortgage lien as security for such payment.

"The general rule is that where the estates of two or more persons are subject to a common encumbrance, for the payment of a common debt, it is to be borne ratably by all, and one who pays the whole for the benefit of all will have the right to hold all the estates thus redeemed, until the others shall reimburse him an equitable proportion of the sum which he has thus paid for their common benefit. Sheldon on Subrogation, § 74.

"Where one discharges a lien which rests alike upon the property of himself and others, he is entitled to contribution from those whose property has been relieved from the common burden. *Falley* v. *Gribling*, 128 Ind. 110; *Kaufman* v. *Elder*, 154 Ind. 157. The doctrine of contribution in such cases rests on the principle that when parties stand in equal right equality of burthen becomes equity. *Cook* v. *Cook*, 92 Ind. 398.

"When a mortgage rests upon land, 'which is owned by several persons in such a manner that their equities as between themselves are equal, and one of them redeems from the mortgage, he is entitled to a pro rata contribution from the other owners, and may keep the lien of the mortgage alive, by equitable assignment, as security for such contributions.' Pomeroy's Eq. Jur., § 1222." *Springer* v. *Foster* (1901), 27 Ind. App. 15, 18, 60 N. E. 720.

It is clear, therefore, that the appellant, by virtue of her mortgage can have no greater rights in the real estate than those which Fred S. Anderson, her husband, possessed, pending the year fixed for redemption. If the appellant in this case had any right to redeem from the mortgage, such right existed only because she had some interest in the land. As was said by our Supreme Court in the case of

*Vaughan* v. *Dowden, Administrator* (1891), 126 Ind. 406, 409, 26 N. E. 74:

> " 'The right of redemption exists only in favor of one who has an interest in the land sold. This interest may be either legal or equitable, absolute or inchoate. It may have arisen by operation of law or otherwise, but it must be an interest, the security and protection of which render the equitable right of redemption necessary, and it must have been derived mediately or immediately from the mortgagor or judgment debtor.' "

This interest, therefore, which gave the appellant the right to redeem was a right which she could dispose of by deed.

In this case the court found the fact to be that, subsequent to the expiration of the year of redemption, the appellant and her husband, Fred S. Anderson, executed and delivered to the appellees their quitclaim deed to the real estate described, and received in consideration therefor the sum of $400.00. The legal effect of this deed was to convey whatever present interest the appellant and her husband had in the real estate. *Stephenson* v. *Boody* (1894), 139 Ind. 60, 38 N. E. 331. When the appellant executed this quitclaim deed, she divested herself of whatever interest, inchoate or otherwise, she had in the real estate which formerly belonged to her husband. In the case of *Dunn* v. *Tousey* (1881), 80 Ind. 288, 296, wherein the lands of the husband had been sold on execution, the court, in discussing the interest conveyed by the quitclaim deed of a wife, said: "In such a case, and for such purpose, a quitclaim deed will have the same force and effect as would a warranty deed."

This is not a case in which the appellant has an interest in the real estate involved, but which she is

now estopped to assert. All her right, title and interest, either as the wife of Fred S. Anderson and one of the original mortgagors, or as a junior mortgage lienholder on the undivided interest of her husband, were barred by the decree of foreclosure of the first mortgage. The appellant having failed to redeem from a sale on this judgment of foreclosure, and her husband having failed to redeem, it is our opinion that the appellant has lost all her right, title and interest in the mortgaged premises. The appellees were accordingly entitled to have their title quieted as to the appellant.

The trial court accordingly committed no error in its conclusions of law Nos. 2, 3, 4, and 5. The court's conclusion of law No. 1, even if erroneous, which we do not decide, does not constitute reversible error. Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

NOTE.—Reported in 39 N. E. (2d) 806.