Blackford, J.
Mrs. Watson, formerly the wife of James *513 Pierson, deceased, aud now the widow of_B. M. Watson, deceased, filed a bill in chancery against the defendants, in *which she claimed dower in a certain tract of land in Orange county, and in several lots of ground in Paoli. The hill was demurred to by some of the defendants for multifariousness, but the demurrer was overruled; and the defendants afterwards all filed their answers to the bill. The cause was tried on bill, answers, exhibits, and depositions, and the bill dismissed for want of equity.
The defendants who demurred, waived, by subsequently answering the bill, their objection to it for multifariousness. Ward v. Cooke, 5 Madd., 122; Bryan v. Blythe, 4 Blackf., 249; Cummins v. White, Id., 356.
It appears that James Pierson, deceased, the first husband of the complainant, was seized of the land and lots described in the declaration during the coverture; and that he and the complainant, his wife, executed absolute conveyances for part of the property, and a mortgage for the residue, to various persons under whom the defendants claim. As it is not shown that the complainant has redeemed the mortgage, she has no better claim to dower against the mortgagees or those claiming under them than she would have had if the deed had been absolute. Gibson v. Crehore, 5 Pick., 146.
The principal question in the cause is whether the certificates on the conveyances of the complainant’s acknowledgments of her execution of them are sufficient?
Those certificates are of various forms, but they all show that the complainant acknowledged the conveyances to have been voluntarily made. Such certificates, signed and sealed by the proper officer, have been decided to be sufficient under the statute of 1824, which is the same with the statutes under which the certificates now before us were made. Stevens v. Doe, dem. Henry, at this term.
The certificate, however, indorsed on the conveyance of lots numbered 81 and 112 has no seal, and it is, for that reason, defective. That certificate is dated in 1818, and the statute then in force required, as the present, statute re *514 quires, the certificate iu such eases to be under the hand and seal of the officer. The suit is against Jonathan Braxton as to the last named lot, and against Thomas Coffin as to the other; and the bill as to those two defendants ought not to have been dismissed.
J. Collins, for the appellant.
J. W. Payne and IT. P. Thornton, for the appellees.
*The certificates on the other conveyances in question are valid, and the bill as to the defendants claiming under those conveyances were correctly dismissed.
Per Curiam..—The decree is reversed as to Braxton and Coffin, and affirmed as to the other defendants. Cause remanded, &c.