#### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

# . STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1865, IN THE FIFTIETH YEAR OF THE STATE.

---

### MAXEY and Others *v.* WISE.

- CURATIVE STATUTE.—If a deed executed by husband and wife, of the wife's lands, under the Revised Statutes of 1843, was inoperative to pass the title, by reason of the failure of the notary to affix his official seal to the certificate of acknowledgment, the act of *March* 1, 1855, (1 G. & H., 262;) cured the defect, and made the deed effective.

APPEAL from the *Knox* Circuit Court.

RAY, J.—The appellants bring this action to recover possession of certain real estate which had been sold by their maternal ancestor to the defendant. A deed, in which the husband joined, had been signed and delivered, but the notary who took the acknowledgment failed to attach to his certificate his official seal. The deed was executed *January* 13, 1847. Proof was made that the person who took the acknowledgment of the deed was, at the time, a notary public. It is argued that the deed was void by the law in force at the time of its execution. R. S. 1843, § 17, p. 417; *id.* §§ 40, 44, pp. 420, 421.

VOL. XXV.—1.

The appellants insist, under the decision in the case of *Watson* v. *Clendenin et al.*, 6 Blackf. 477, that the failure of the officer to affix his seal prevented the instrument executed from becoming effective as a deed of conveyance. The court instructed the jury, that the act of the legislature, approved *March* 1, 1855, "To cure defects in the execution of deeds, or in the certificates of acknowledgment to conveyances of real estate, in certain cases therein named," (1 G. & H. 262,) legalized and rendered valid the deed in question. The constitutional power of the legislature to declare the deed valid, is denied by the appellants. The Supreme Court of *Pennsylvania* decided that an omission in the certificate of acknowledgment of a married woman to a deed conveying her estate in lands, was remedied by an act passed for that purpose, after the death of the wife, and after the lands had descended, and after the court had decided that the acknowledgment was inoperative to pass the lands. In the face of all these facts, the court held, that the act in question, being remedial in its nature, cured the defective acknowledgment, so that the lands passed and the grantee took title under it; although, without the act no title would have passed by the deed to the grantee. *Tate* v. *Stooltzfoos,* 16 Sarg. & Rawle 35; *Hepburn* v. *Curts,* 7 Watts. 300.

This decision is in point, and is so clearly correct in principle that we have no hesitation in following it.

The decision in 6 Blackf. was not that the deed from the wife was void, and conveyed no equity, but the court simply refused, as other courts had done, to exercise its power and enforce the equity. There were no judicial precedents for the *exercise* of such power. Where the married woman had joined with her husband in the execution of the deed, and had complied with all the requirements of the statute, and the grantee, having paid the consideration, had gone into possession of the land, it would be a monstrous doctrine to assert that there was no equitable obligation resting upon the wife to make the title effective in

Maxey and Others *v.* Wise.

law, because the notary before whom the acknowledgment had been taken omitted to place his seal to the certificate.

The lack of a remedy at law, for the failure of a married woman to comply with her contracts, does not relieve her from the moral responsibility resting upon her conscience; and when courts have failed, for lack of precedent, to enforce this equity, and the legislature have seized upon it and declared perfect that which good conscience required should be perfected, their action must pass unchallenged in a court of equity.

In the case of *Goshorn* v. *Purcell*, 11 Ohio State Rep. 641, 652, the court says: "The act of the married woman may, under the law, have been void and inoperative; but, in justice and equity, it did not leave her right to the property untouched. She had capacity to do the act, in a form prescribed by law for her protection. She intended to do the act in the prescribed form. She attempted to do it, and her attempt was received and acted on in good faith. A mistake, subsequently discovered, invalidates the act; justice and equity require that she should not take advantage of that mistake. She has no right to complain if the law which prescribed forms for her protection, shall interfere to prevent her reliance upon them to resist the demands of justice. She has no vested right to do wrong. *Foster* v. *Essex Bank*, 16 Mass. 245, 273. As was said in a recent case, 'laws curing defects, which would otherwise operate to frustrate what must be presumed to be the desire of the party affected, cannot be considered as taking away vested rights. Courts do not regard rights as vested, contrary to the equity and justice of the case.' *The State* v. *Newark*, 3 Dutcher 185, 197." This act of the legislature, in the language of Judge McLEAN, "gave effect to the intention of the parties by relieving *from a mere informality.*" 3 McLean 231.

The case of *Good* v. *Zercher*, 12 Ohio R. 364, to which we have been cited by counsel, was expressly overruled in *Chesnut* v. *Shane*, 16 Ohio 599.

In our opinion, if the deed was inoperative to pass the title to the land, by reason of the failure of the notary to affix his seal, which we do not decide, the subsequent action of the legislature rendered it effective, and the instruction of the court to the jury was therefore correct.

We have not been favored, in this case, with a brief by the appellee.

The judgment is affirmed at the costs of the appellant.

*J. C. Denny*, for appellants.