No. 13,468.

## PATTERSON v. ROSENTHAL.

SHERIFF'S SALE.— *Venditioni Exponas by Redemptioner.*—*Mortgage.*— *Wife's Rights.*—Where a judgment creditor redeems from a sale of a husband's property made under the foreclosure of a prior mortgage, in which the wife joined, and afterwards procures a sale to be made under his judgment on a *venditioni exponas*, and obtains a sheriff's deed to the property under the latter sale, the wife is not entitled to have one-third of the property set off to her as contemplated by section 2508, R. S. 1881, but the last sale is to be regarded, under section 773, as having been made upon the original decree, and the title acquired thereunder relates back to the date of the mortgage.

From the Fountain Circuit Court.

*S. F. Wood,* for appellant.

*J. B. Schwin* and *C. E. Booe,* for appellee.

COFFEY, J.—This was an action in the court below for the partition of real estate. The complaint filed by the appellant is substantially as follows :

The plaintiff herein complains of the defendant and says that she is the owner in fee of the undivided one-third, and the defendant, Henry Rosenthal, is the owner in fee of the undivided two-thirds, of the following described real estate in the county of Fountain and State of Indiana, to wit : Lot No. 71 in the old plat of the town of Covington ; that plaintiff and defendant are tenants in common of said land, and the plaintiff is entitled to possession of her interest therein ; that on the 10th day of May, 1882, George Patterson executed his promissory note to Mary A. McMahon and Elizabeth McMahon, due one year after date, for $300, at eight per cent. interest and for attorney's fees, and at the same date he and this plaintiff, Bridget Patterson, executed a mortgage on said real estate to the payees of said note to secure the payment of the same ; that at the time of the execution of

said mortgage this plaintiff was, ever since has been, and still is, the wife of the said George Patterson; that at the time of the execution of said mortgage the said George Patterson was the owner in fee of said land; that on the 3d day of March, 1884, a judgment was rendered on said note against said George Patterson, and at the same time a decree of foreclosure was rendered on said mortgage for $261.60 in the Fountain County Circuit Court, in favor of said McMahon and McMahon; that the said McMahon and McMahon caused a precept to be issued on said decree of foreclosure by the clerk of said court, directed to the sheriff of said county, who, by virtue thereof, advertised and sold said land according to law, on the 19th day of April, 1884, for $304.70, to Samuel I. Snoddy, who paid said amount to said sheriff and received a sheriff's certificate of purchase therefor; that on the 25th day of August, 1883, Henry Rosenthal, Myers S. Rosenthal, and Charles S. Rosenthal recovered a judgment against the said George Patterson on an open account for the sum of $156.58, before Edward Moran, a justice of the peace of Fountain county; that on the 28th day of August, 1883, the plaintiffs in said judgment filed in the office of the clerk of the Fountain County Circuit Court a duly certified copy of said judgment, and caused the same to be recorded on the same day in the order book of said court, and caused the same to be docketed in the judgment docket of said court; that they afterwards filed with said clerk the justice's certificate of *nulla bona* on said judgment, and caused the same to be recorded with said transcript; that on the 19th day of April, 1884, said judgment plaintiffs redeemed said land from the sheriff's sale, so made to the said Snoddy, by paying to the clerk of the said Fountain Circuit Court the amount bid therefor by the said Snoddy, together with the interest thereon, and all costs, to wit, $304.97; that the year of redemption having expired and said property not having been redeemed by the said George Patterson, the owner thereof, nor by the plaintiff, nor by any other person authorized to

do so, the said Rosenthal, Rosenthal and Rosenthal, redemptioners as aforesaid, having prior thereto filed the proper affidavit of the non-payment of their said judgment, did on the 20th day of April, 1885, cause an execution in the nature of a *venditioni exponas* to be issued on their said judgment to the sheriff of said county, who advertised and sold said land, by virtue thereof, on the 23d day of May, 1885, to the defendant herein, Henry Rosenthal, for the sum of $370, who then and there paid said sum to said sheriff, and that said sheriff then and there executed to him a sheriff's deed for said property; that said land was not worth over $500, and that the said George Patterson never at any time owned real estate worth more than $500; that by reason of the facts herein set out, the plaintiff and defendant have acquired their respective titles to said land as herein set out and claimed; prayer for partition, etc.

The defendant demurred to this complaint, alleging as reason therefor that the same did not state facts sufficient to constitute a cause of action against him.

The court sustained the demurrer to which the plaintiff excepted, and she declining to plead further, the court rendered judgment against her for costs.

The assignment of errors in this court brings in question the action of the court below in sustaining the demurrer to the complaint above set out.

It is contended by the appellant that, under the provisions of section 2508, R. S. 1881, upon the execution of the sheriff's deed to the appellee, pursuant to the last sale of the property in controversy, one-third of the same immediately vested in her, in fee simple, as the wife of George Patterson, and that, by reason of that fact, she is entitled to partition. That section provides that " In all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such interest shall become absolute

and vest in the wife in the same manner and to the same extent as such inchoate interest of a married woman now becomes absolute upon the death of the husband, whenever, by virtue of such sale, the legal title of the husband in and to such real property shall become absolute and vested in the purchaser thereof, his heirs or assigns, subject to the provisions of this act, and not otherwise."

As to whether the appellant, under the provisions of this statute, took one-third of the land in dispute, depends upon the construction to be placed on the statute providing for the redemption of land from sheriff's sales. It is conceded in argument that, if Snoddy had taken a deed under his purchase, the appellant would have been barred, and could claim no interest in this land; but it is contended by the learned counsel for the appellant, that, inasmuch as appellee redeemed it from that sale, the sale subsequently made was on the judgment rendered by the justice of the peace, and as that judgment did not direct that the appellant's interest in the land should be sold or barred, therefore, she took one-third of the land upon the consummation of that sale.

The section of the statute in dispute is as follows: Section 773, R. S. 1881. " If, during the year hereinbefore allowed for redemption, the real estate, or interest therein, sold by the sheriff, or any parcel or parcels thereof sold separately, shall be redeemed by any judgment creditor, as aforesaid, and remain unredeemed by the owner or part owner, or by any person claiming under them, at the expiration of such year, the last redemptioner shall be, immediately thereafter, entitled to sue out an execution, in the nature of a *venditioni exponas*, upon his judgment, by virtue of which he made his redemption. Such execution shall recite the judgment upon which the original sale was made, naming the court wherein rendered, the parties thereto, the date and amount thereof, the dates of the execution and sale, and name of the owner, the price paid by the purchaser or purchasers for the real estate, if sold in one body, or for each parcel thereof, if sold in

parcels, or interest therein redeemed by said redemptioner, the amount paid by such redemptioner in redemption thereof, date of payment, and costs of redemption, and the judgment of said redemptioner under which his redemption was made, and amount due thereon ; which execution shall be issued to the sheriff of the county in which such real estate is situate, commanding him to sell the real estate, interest therein, or parcels thereof, redeemed by said redemptioner, to the highest bidder ; and, after paying the costs of sale, and paying to such redemptioner his redemption-money, and interest thereon at the rate of eight per cent. per annum, and his costs of redemption, and the amount of principal, interest, and costs due on his judgment, to pay the residue into the office of the clerk issuing such execution.   Such real estate shall be sold upon like notice as in other cases, but without offering the rents and profits, and without regard to appraisement laws ; and, if redeemed in parcels, shall be offered in like parcels ; and the redemptioner suing out such execution shall be deemed the bidder for the amount paid by him in redemption thereof, and interest thereon at the rate of eight per cent. per annum, his costs of redemption, and the costs of sale ; and, if no one bid more, he shall be deemed the purchaser for that amount, and the sheriff shall, immediately upon the perfecting of such sale, execute to the purchaser a conveyance of the premises, which shall convey to the purchaser all the title and interest of the owner sold under the original execution.   *   *   * If execution upon the judgment of the last redemptioner be stayed at the expiration of the year aforesaid, or there be instalments on his judgment or decree, not then due, he shall, nevertheless, be entitled to execution, as aforesaid, for the amount due him on account of his redemption, which shall be without prejudice to his right to sue out further final process on his judgment or decree ; and any surplus remaining, after satisfying the costs of sale and amount due him on account of redemption, shall be paid to the clerk, for distribution, as hereinafter provided.   Such sale shall discharge the lien of

the judgment on which the original sale was made, and the liens of all intervening judgments and decrees."

We do not think that the redemption by appellee had the effect of satisfying the McMahon judgment and decree, as contended by the appellant. By such redemption the appellee succeeded to the rights of both McMahon and Snoddy in that decree, so far as the same operated as a lien upon the mortgaged land.

It is true that it was necessary to offer the land for sale again, but the time for redemption continued to run against the mortgagors. We can not agree with the appellant in the claim that the last sale was made wholly upon the judgment rendered by the justice of the peace. By the express terms of the statute it is this sale which satisfies the lien of the original judgment. The sale is to be regarded as having been made upon the original decree, and we think the title acquired by such sale relates back to date of the execution of the mortgage on which it was rendered. By the payment of the redemption money to the clerk, the appellee became the equitable assignee of the decree upon which the sale had been made. *Carver* v. *Howard*, 92 Ind. 173; *Lowrey* v. *Byers,* 80 Ind. 443; *Gerber* v. *Sharp*, 72 Ind. 553.

As the appellee succeeded to the rights of the mortgagees in the decree and to the rights of Snoddy, save in the matter of being required to again expose the land to sale, it follows that all of the interest of the appellant was divested by the last sale and the sheriff's deed made pursuant thereto, and that the court did not err in sustaining the demurrer of the appellee to the complaint.

Judgment affirmed.

Filed Jan. 24, 1889.