## BREEDLOVE ET AL. *v.* AUSTIN.

[No. 17,895. Filed February 4, 1897.]

MORTGAGES.— *Redemption.— Merger.— Inchoate Interest of Wife.—*
Where a mortgagee obtains title to real estate through foreclosure
of a mortgage executed by the husband, the wife not joining
therein, and afterward under Acts of 1861 (Acts 1861, p. 79, 2 Davis
R. S. 220, 2 G. and H. 251), redeems from a sheriff's sale under fore-
closure of a senior mortgage on same real estate, in which such
wife did join, by paying to the clerk of the court the full amount
for that purpose, the prior mortgagee accepting the money in satis-
faction thereof, the lien of the mortgage did not merge as to the
inchoate dower interest of the wife, but the redemptioner thereby
obtained a lien on the wife's interest in said real estate, which could
be divested only by redemption on the part of the owners or their
privies against whom the judgment had been rendered, and upon
the failure of such wife to redeem within the year of redemption,
all interest in such real estate was lost to her forever.

From the Harrison Circuit Court. *Reversed.*

*Cook & Ridley,* for appellants.

*W. N. & R. J. Tracewell,* for appellee.

HOWARD, J.—This was an action for the partition of real estate, brought by the appellee, as widow of John D. Austin, deceased. In her petition, under provisions of section 2652, Burns' R. S. 1894 (2491, R. S. 1881), she claimed to be the owner in fee-simple of one-third of the lands described, of which her husband had been the owner during their marriage, and in the con- veyance of which she had never joined.

From the averments of appellants' answer it ap-

pears: That, on March 17, 1870, the said John D. Austin, his wife, the appellee, not joining, executed his mortgage upon the land in question to secure a note, given by him, for $635.00; that on December 27, 1872, a decree of foreclosure for $812.26, the amount due upon said debt, was rendered in favor of the holder of the mortgage, one Henry Long, who, on February 8, 1873, at sheriff's sale under said decree, purchased the land for $20.00, that being the highest and best bid therefor; and that, on April 1, 1874, there having been no redemption, the said Long took out a sheriff's deed for the land, and on July 25, 1874, conveyed the same to one John S. Routh. It is further made to appear from the answer, that, on March 14, 1868, the said John D. Austin and his wife, the appellee, executed a deed for said land to one Margaret C. Powers, which deed was treated by the parties thereto as a mortgage, and on which, at the suit of the said Margaret C. Powers, on June 6, 1873, judgment of foreclosure was rendered; that on July 26, 1873, at sheriff's sale, under said decree, the land was sold to the said Margaret C. Powers for $380.00, and a sheriff's certificate given to her therefor; that neither John D. Austin nor his wife, the appellee, redeemed from said sale; that, within the year allowed for redemption, the said John S. Routh, holder of the sheriff's deed under the former sale, redeemed said real estate from said sale to Margaret C. Powers, by paying to the clerk of the court the full amount required by law for that purpose, and the same was accepted by the said Margaret C. Powers as in satisfaction of her debt; that afterwards, by mesne conveyances from John S. Routh, the appellants acquired their title to said land and are now in possession of the same.

Other pleadings stated the facts substantially as

set out in the answer. The court held the facts insufficient to show that the title of the appellee to her one-third interest in the land of her husband had been divested, and decreed partition in her favor.

John D. Austin died in 1892, at which time his widow's interest in his lands, if any she had, first accrued. During marriage any right which she might have, remained inchoate, and had she died before her husband there is no doubt that, under the foreclosure and redemption proceedings, the title under which appellants claim would have become absolute to all the land. It is also clear that had John S. Routh, appellant's remote grantor, taken an assignment of the sheriff's certificate, held by Margaret C. Powers, instead of redeeming from the sale to her, the lien and right to redeem held by her would have gone to him, and his title to all the land, even without an additional sheriff's deed, could not have been questioned by any one; all possible liens and titles would have centered in him, and the liens would thus have merged in the title. On the other hand, had Routh not redeemed from the Powers sale, but relied entirely upon the sheriff's deed, taken out on the Long foreclosure, it is equally certain that, according to the statutes then in force, the title to the one-third of the land, must remain uncertain during the marriage of Elizabeth and John D. Austin. Her inchoate right came to her through her husband, to die with her if she died before him, and to ripen into ownership if she survived him.

Appellee was not bound by the Long mortgage, as she had not joined in it; but she was bound by the Powers mortgage, in which she had united with her husband. This mortgage, moreover, was foreclosed and the mortgaged land sold under the decree. All, therefore, of appellee's right, title and interest in the

land, together with any that her husband might have under that mortgage, passed by the sale to Margaret C. Powers. The only question, consequently, is as to what was the effect of the redemption from the Powers sale by John S. Routh.

The statute in force at the time, providing for the redemption of real property, or any interest therein, sold on execution or order of sale, was the act of June 4, 1861. Acts of 1861, p. 79, 2 Davis R. S., p. 220, 2 G. & H. p. 251. By the first section of that act it was provided that in case of such judicial sale of real estate "the owner thereof, his heirs, executors, administrators, or any mortgagee or judgment creditor having a lien upon the same may redeem such real property or interest therein, at any time within one year from the date of such sale," etc. And, by section third, it was provided that "when any mortgagee or judgment creditor shall redeem any real property or interest therein under the provisions of this act, such mortgagee or judgment creditor shall retain a lien on the premises for the amount of the money so paid for redemption against the owner and any junior incumbrancer."

Two classes of redemptioners were thus provided for: (1) owners of the land or any interest therein, and (2) mortgagees or judgment creditors having a lien upon such land or interest therein. It was plainly intended by the statute that, in case of redemption by the owner, his heir or representative, not only should the sale be vacated, but the lien, unless, possibly, it ought to be kept alive for equitable reasons, should be merged in the owner's title; while in case of redemption by the mortgagee or judgment creditor, the sale alone should be vacated, and the lien upon which the sale was made, should be transferred to the redemptioner to be held by him against the owner, and

also against other incumbrancers, junior to the owner. *McClain* v. *Sullivan*, 85 Ind. 174.

Appellee contends that in the case at bar, redemption from the Powers sale was made by Routh as owner, since at the time he held the sheriff's deed, taken out on the Long foreclosure sale; and, consequently, that the lien of the Powers mortgage was merged in the title received through the sale under the Long mortgage. Appellants, on the other hand, contend that the redemption was by Routh as mortgagee or judgment creditor; he being subjected to the rights of Long under the first mortgage and judgment and, hence, that there was no merger.

It may be admitted that, by the redemption, the lien of the Powers mortgage, in so far as it covered the interest of John D. Austin in the land sold, was merged in the title of the redemptioner. As to that interest, he was already the owner under his sheriff's deed; and no equity is shown which should prevent the merger. But in so far as concerns appellee's inchoate interest, Routh was not the owner. He did not take the husband's place when he acquired the husband's interest. The wife's interest, though inchoate, and its accrual dependent upon her survival of her husband, was yet independent of the holder of the husband's interest. After the mortgage sale, however, there was no equity in her favor, save only her right to redeem. She had mortgaged her interest, and that mortgage had been foreclosed and her interest sold.

On the foreclosure and sale the lien created by that mortgage, and which covered appellee's interest, as well as that of her husband, awaited only the sheriff's deed to ripen into full title. That lien could be divested only by redemption on the part of the owners, or their privies, against whom the judgment had been taken; that is, John D. Austin and his wife. Neither

of these redeemed, and it would seem that any right
which either of them had was thus lost to them for-
ever.  That would of course be true if a sheriff's deed
had issued.  As such deed never issued, it remains to
inquire what became of the lien.  The lien did not re-
main in.Mrs..Powers, for she accepted her redemption
money from Routh, in full satisfaction.  *Hervey* v.
*Krost*, 116 Ind. 268.  If Routh had been the full owner,
the lien would have passed to him and merged in his
title, unless prevented by some equity.  *Swatts* v.
*Bowen*, 141 Ind. 322.  He was the owner of John D.
Austin's interest, and as no equity appears which
might have prevented it, the lien, as we have seen, so
far as the husband's interest is concerned, was
merged.  But Routh was not the owner of the wife's
inchoate interest, and the lien, so far as concerns that
interest, could not merge, but remained in Routh, and
his assignees, provided only he had a right to redeem
as to such interest.

Had Routh a right to redeem as to appellee's in-
choate interest?  If he were the holder of the Long
judgment lien, instead of the deed received there-
under, he certainly would have a right, under the
statute, to redeem as such judgment creditor.  Were
his rights less by reason of his deed?

In *Patterson* v. *Rosenthal*, 117 Ind. 83, there was a
foreclosure and sale of real estate under a mortgage
in which a wife had joined.  Judgment creditors of the
husband redeemed from the mortgage sale, and then
proceeded to sell the land under their judgment, the
purchaser, in due course, receiving a sheriff's deed
therefor.  Afterwards, as in this case, the wife
brought an action in partition against the holder of
the sheriff's deed, claiming that the redemption by the
judgment creditors had satisfied the decree in fore-
closure and thus released her inchoate interest from

the lien, and that she was therefore the owner of one-third of the land. The court, however, held that by their redemption the judgment creditors had succeeded to the rights acquired under the mortgage foreclosure sale, and that by the subsequent sale and deed under the judgment the wife's interest was wholly divested.

That case differs from this in the method pursued, rather than in the result reached. In both cases, the deed was received in pursuance of the sale under the judgment taken against the husband alone. In both there was a redemption from the sale under the mortgage in which the wife had joined; the redemption in each case also being by the party claiming under the judgment against the husband alone. The cases differ only in the circumstance that in the former the redemption took place before, and in the latter after receiving the deed.

At most it could be contended that in this case, no sale having followed the redemption, the lien on appellee's interest, and not the interest itself, passed to the appellants; and, hence, that appellee, as owner of such interest, might recover the same by paying to the appellants the amount paid by their remote grantor, Routh, in redeeming from the Powers sale. This last is the theory maintained in the cross-complaint, and, in the absence of the joint answer the contention might perhaps be good, although it is doubtful whether any right of redemption could remain to the wife any more than to the husband after the expiration of the year allowed by the statute for that purpose. We think, however, that the answer was good. The right of a married woman to protect her inchoate interest in the land by redeeming from a foreclosure sale has been fully recognized under our decisions. *Baker* v. *McCune*, 82 Ind. 339; *Butler* v. *Thornburg*, 141

Ind. 152. But this right she failed to avail herself of. Neither appellee nor her husband redeemed from the sale under their mortgage, and we can see no reason why the title of each was not as absolutely divested as it would have been by their deed. *Watson* v. *Clendenin*, 6 Blackf. 477. Appellants' remote grantor, however, having a right to redeem from that sale did so, and thus succeeded to the Powers lien; and if he and his successive grantees have chosen to retain their lien instead of foreclosing it, that is not a matter that can concern appellee.

We conclude, therefore, that the lien created by the Powers mortgage on appellee's inchoate interest, having passed from Mrs. Powers on receipt of her redemption money, and not having been protected by appellee as owner, remained with the redemptioner, Routh, and is now in appellants, his remote grantees, and that appellee has therefore no interest whatever in the land in controversy.

The judgment is reversed, with instructions to overrule the demurrer to the joint answer, and for further proceedings not inconsistent with this opinion.