## LUKEN ET AL. *v.* FICKLE ET AL.

[No. 6,069. Filed April 30, 1908. Rehearing denied July 2, 1908. Transfer denied October 29, 1908.]

1. APPEAL.—*Briefs.*—The fact that appellants' brief does not fully conform to the Appellate Court rules does not preclude the consideration of the merits of the case. p. 453.

2. MORTGAGES.—*Foreclosure.*—*Priorities of Junior Lien Holders.*— Where the holder of a first mortgage brings a suit for foreclos-

ure, making all junior lien holders defendants, the court may properly continue the case, after a decree for plaintiff, in order to determine the priorities of the defendants. p. 453.

3. MORTGAGES.—*Junior.—Foreclosure.*—The fact that a junior mortgagee is a party to a foreclosure suit brought by the senior mortgagee does not preclude him from afterwards foreclosing his junior mortgage, such liens continuing during the statutory period for redemption. p. 454.

4. SAME.—*Foreclosure.—Equities.—Wife's Interest.*—In a suit to foreclose a senior mortgage, the junior lien holders being made defendants, the court may, upon petitions filed therein, determine the equities of such junior lien holders, as well as the rights of the wife in the property, the whole matter being of equitable cognizance. p. 454.

5. APPEAL.—*New Trial.—Evidence Not in Record.*—Where the bill of exceptions contains none of the evidence relating to the petition for distribution of the surplus after a sale on a decree of foreclosure, no question can be raised as to such evidence on appeal. p. 455.

6. NEW TRIAL.—*As to Part of Cause.*—There is no error in overruling a motion for a new trial of a part only of a cause. p. 455.

7. SAME.—*Change of Judge.—When Demandable.*—A motion for a new trial because of a refusal of a change of judge should be overruled, where the application is made after the judge has heard the case and taken it under advisement. p. 456.

8. MORTGAGES.—*Junior.—Rights on Redemption.*—A junior mortgagee who redeemed from a sale under a decree of foreclosure of a senior mortgage must look, for the payment of his lien, to the surplus produced at the subsequent sale and to the personal liability of the mortgagor. p. 456.

9. SAME.—*Sale of Land.—Surplus.—Equitable Conversion.—Junior Lien Holders.*—Where lands are sold on which there are several liens, the priorities of the parties in the land are transferred to the fund arising from the sale thereof. p. 456.

10. EXECUTION.—*Redemptioner's Sale.—Surplus.*—Where the holder of a decree of foreclosure of a second mortgage redeems from a sale made under a foreclosure of the first mortgage, and a surplus is produced, the holder of such second mortgage is entitled, as against the mortgagor, to have such surplus applied upon his debt. p. 457.

11. MORTGAGES.—*Foreclosure.—Redemption by Creditor.—Ownership.*—The owner has one year in which to redeem lands sold under a mortgage foreclosure; but if a creditor redeem the owner's title does not pass until a second sale is made, when the title passes and vests completely in the second purchaser. p. 458.

12. MORTGAGES.—*Redemption.—Husband and Wife.*—The wife's right of redemption from the decree of foreclosure of a mortgage upon her husband's land, in which mortgage she joined, expires one year from the date of sale. p. 459.

13. SAME.—*Redemption by Junior Lien Holder.—Senior Lien.*—The redemption, by a junior mortgagee, from a foreclosure sale of the husband's lands does not divest the lien of the senior mortgage as against the wife who joined in such mortgage; and the sale made under the redemption relates back to the title existing at the time of the execution of the first mortgage. p. 459.

14. SAME.—*Foreclosure.—Redemptioner's Sale.*—A sale upon a redemption by a judgment creditor divests the lien of the senior decree and of the intervening liens, the surplus therefrom being distributable to the creditors junior to the lien of such redemptioner in the original order of their priorities. p. 459.

15. SAME.—*Foreclosure.—Wife's Rights.*—Subject to the mortgage in which she joined, a married woman has the right to a one-third interest in her husband's land; and this right will attach to the proceeds of a sale of such land, her rights being superior to her husband's mortgagees or his judgment creditors. p. 459.

16. SAME.—*Foreclosure.—Sales.—Wife's Rights.—Junior Creditors.*—Where land was sold under a decree of foreclosure of a mortgage in which the wife joined, the junior lien holders being made parties defendant to the suit to foreclose, the wife may, in the contest between the junior creditors as to their respective claims of priority in the surplus after satisfaction of the first mortgage, apply for and receive a sum from such surplus equal to the one-third part of the sale price thereof. p. 460.

17. APPEAL.—*Parties.—Issues.*—Where the real controversy on an appeal is between the wife claiming the surplus upon a sale under a mortgage foreclosure and the holder of an inferior lien against the husband's property, only the pleadings and proceedings involving such controversy are necessary. p. 460.

From Starke Circuit Court; *John C. Nye,* Judge.

Suit by the Union Central Life Insurance Company against William Luken and others. From a decree for plaintiff and for cross-complainant David D. Fickle, Luken and others appeal. *Reversed.*

*Henry R. Robbins, W. C. Pentecost* and *W. J. Reed,* for appellants.

*D. B. McConnell* and *E. B. McConnell,* for appellees.

MYERS, J.—The transcript before us sets forth the record of a suit commenced in April, 1903, by the Union Central

Life Insurance Company upon a certain promissory note made to that company in 1898 by William Casey, and upon a mortgage, of the same date, on certain land in Starke county, executed by said William Casey and Mary E. Casey, his wife, to secure the payment of said note. In that suit the mortgagors and William Luken, Jeremiah Casey, John Casey, Anton J. Lintz, John Cerveney and August Sonnenberg were also made defendants as persons claiming to hold liens on or interests in the mortgaged real estate which were alleged in the complaint to be junior to the lien of said company's mortgage. On June 18, 1903, the defendants Luken and Sonnenberg answered, setting up personal judgments in their favor, which were averred to be liens on the same real estate. At the same time Jeremiah Casey and John Casey each filed a cross-complaint, that of Jeremiah being based upon a promissory note made to him by William Casey in April, 1899, and a mortgage dated April 14, 1899, upon the same real estate, executed by William Casey alone. The cross-complaint of John Casey was based upon a promissory note made to him by William Casey on January 8, 1901, secured by a mortgage of the same date upon the same real estate, and executed by William Casey alone. On October 13, 1903, William and Mary E. Casey answered the plaintiff's complaint by general denial, and Sonnenberg and Luken each demurred to the cross-complaint of Jeremiah and John Casey. January 5, 1904, all the parties appearing, it was agreed by all of them that the cause presented by the complaint of the insurance company should be and the same was submitted for trial, finding, judgment and decree, as between the plaintiff and all the defendants, and, upon the finding then made, that plaintiff's mortgage was a senior lien on the mortgaged premises to that of either and all of the defendants, and a decree was entered for the plaintiff and its mortgage, and also the equity of redemption of each and all of said defendants was foreclosed, with judgment ·over against William Casey. There was at that

time no finding or judgment upon the claims of the defend-
ants as between themselves, but on the same day the de-
murrers of Luken and Sonnenberg to the cross-complaints
of Jeremiah and John Casey were overruled and Luken and
Sonnenberg were· ruled to answer those cross-complaints.
January 14, 1904, Luken and Sonnenberg answered each of
said cross-complaints, and Jeremiah and John Casey sepa-
rately demurred to the answers, which demurrers were over-
ruled January 26, 1904. Replies were filed to said answers,
and William and Mary Casey filed a reply. March 22, 1904,
Luken answered the cross-complaints of Jeremiah and John
Casey, alleging, among other things, that under the decree
of foreclosure of January 5, 1904, before mentioned, the land
was sold by the sheriff March 12, 1904, and that he at that
sale purchased the land for $3,022.56, and received the sher-
iff's certificate of sale. Thereupon Jeremiah and John
Casey filed demurrers to these answers of Luken, and March
28, 1904, the demurrers were sustained. On June 9, 1904,
the cause was submitted to the court for trial on the cross-
complaints of Jeremiah and John Casey, and, a special find-
ing being requested, the case, on June 10, 1904, was taken
under advisement by the court. On May 22, 1905, the case
being still held under advisement by the court, David D.
Fickle filed his notice to be substituted as a defendant and
cross-complainant instead of John and Jeremiah Casey, as
the purchaser and assignee of their mortgages. May 24,
1905, Mary E. Casey filed a petition, to which David D.
Fickle demurred. June 2, 1905, the court sustained the
motion of Fickle to be substituted to the rights of cross-
complainants John and Jeremiah Casey. October 24, 1905,
the demurrer of Fickle to the petition of Mary E. Casey was
sustained. November 7, 1905, Mary E. Casey filed her
amended petition, in which she alleged that William Casey
on January 5, 1904, was the owner of the real estate in
question, describing it, and on that day the Union Central

Life Insurance Company obtained a decree of foreclosure on a mortgage executed by William Casey and petitioner on said land; that on March 12, 1904, said land was sold by the sheriff of Starke county to satisfy that mortgage; that within one year thereafter said land was redeemed by a judgment creditor, and on May 22, 1905, was resold on an execution *venditioni exponas*; that on this date there was a surplus of $1,200, which amount was still in the hands of the clerk of said court for distribution; that at the time of the redemption from the judgment in the foreclosure in favor of said insurance company, and at the time of the sale under the same, she was the wife of said William Casey; that she never had received her distributive share of his real estate; that said land was all that he owned, and was worth $7,200. Wherefore, she prayed an order of court setting over to her said surplus as her distributive share of her husband's real estate. On the same day Mary E. Casey filed her application asking for a change of venue from the regular judge. November 9, 1905, said Lintz filed his petition, showing in a like manner the existence of said surplus, setting up his judgment against William Casey, and asking that it be declared a prior lien, and that a part of the surplus sufficient to pay his lien be set over to him. On the same day the application for a change of venue from the judge was overruled. On November 10, 1905, Luken filed an additional pleading, in which he stated, in substance, that since the commencement of the suit and the trial thereof he has become the owner of said land, which ownership was evidenced by a sheriff's deed executed to him by the sheriff of Starke county, May 22, 1905, which was recorded, etc., being the same land against which Fickle was, by his cross-complaints, seeking a foreclosure; that said deed was executed upon a *venditioni exponas* sale of said land by the last redemptioner; that Fickle was the assignee of John and Jeremiah Casey of the mortgages which were herein sought to be foreclosed; that the interest of said John and Jere-

miah Casey, as mortgagees, had been adjudicated in the original suit of the insurance company, in which a decree was entered, execution issued and sale thereunder regularly had, and there had been a redemption from said sale and a resale upon *venditioni exponas;* that foreclosure of said mortgage should not be had. Wherefore, he prayed judgment. January 22, 1906, the court having had the cause under advisement since the trial (June 10, 1904), rendered a special finding, stating the facts, in substance, as follows: The institution of the suit by the insurance company, its character and parties were shown. The defendants appeared, and the cause being at issue on plaintiff's complaint, the same was tried January 5, 1904, and finding had and a decree entered for the insurance company, its mortgage foreclosed and an order of sale made. William Casey on April 14, 1899, executed his note, described, to Jeremiah Casey for $915, and his mortgage on the same lands, which mortgage was recorded, etc. On January 8, 1901, William Casey executed his note described for $1,000, and his mortgage on the same lands to John Casey, which mortgage was recorded, etc. On April 6, 1901, August Sonnenberg recovered judgment against William Casey for a sum stated. On January 8, 1901, Anton J. Lintz recovered judgment in the court below for a sum stated against William Casey and Joseph Casey. On January 16, 1901, the defendant, John Cerveney, recovered judgment in said court for $309.84 against Andrew and William Casey. Said judgments were recorded, etc. On March 13, 1905, pending the finding in the court below, John and Jeremiah Casey sold and assigned their respective mortgages to David D. Fickle for a valuable and sufficient consideration, which assignment was duly recorded. On May 22, 1905, Fickle filed his petition in this cause to be substituted as a party cross-complainant instead of Jeremiah and John Casey, and was, by order of the court, so substituted, and was entitled to have any judgments to which they would have been entitled respectively had the assign-

ment not been made. There was due to said Fickle on the Jeremiah Casey mortgage $1,333.08, and on the John Casey mortgage Fickle was entitled to recover $1,287.55. On these facts the court stated its conclusions of law: (1) That Fickle should recover upon the Jeremiah Casey mortgage the sum of $1,333.08, should have foreclosure of said mortgage and an order of sale of the real estate, and that the lien of the judgment should be and date from April 11, 1899. The second conclusion relates to the John Casey mortgage. Exceptions to the conclusions of law by Luken.

On the same day Fickle filed his petition in which he stated that he was the owner of the Jeremiah and John Casey mortgage, the foreclosure of which had been ordered in this cause; that, upon the order for foreclosure of the plaintiff insurance company's mortgage made in this case, the mortgaged property was sold March 12, 1904, to William Luken; that he redeemed the real estate from that sale May 25, 1905, and had the same sold on a *vendi,* William Luken becoming the purchaser for $4,900; that of the purchase money, $3,721.70 was necessary to pay the redemption money and the judgment by virtue of which he redeemed from the sale; that there remained a surplus of $1,178.30 in the hands of the court for distribution; that he held and was the owner of the Jeremiah Casey mortgage executed April 14, 1899, for $915, and the John Casey mortgage executed January 8, 1901, for $1,000; that these liens were the oldest unsatisfied liens on the real estate. Prayer that the court order the distribution of the surplus according to law and the payment of said surplus to him.

To this petition Mary E. Casey demurred, but we find no ruling in the record upon the demurrer. Continuing, the record shows that thereupon, it appearing to the court that the surplus arising from the redemption sale in the cause (stating its title) for the payment of the redemption money was $1,126.80, and that the amount of the lien of David D. Fickle, assignee of Jeremiah Casey, which was the

superior lien upon the funds, was $1,333.08, being more than the amount of the surplus, it was adjudged that Fickle recover upon the Jeremiah Casey mortgage $1,333.08, and have foreclosure of the mortgage for that sum and an order of sale of the real estate, and that the lien of the judgment be dated from April 11, 1899. The court further adjudged with reference to the John Casey mortgage. It was then ordered that the clerk pay out of said funds in his hands the costs, and out of the balance to Fickle to apply on his said lien, as assignee of Jeremiah Casey, etc. William Luken separately filed his motion for a new trial, and Mary E. Casey and Anton J. Lintz each moved for a new trial, which motions were overruled. In the assignment of errors William Luken, the Union Central Life Insurance Company, August Sonnenberg, Mary E. Casey and Anton J. Lintz are named as appellants, and David D. Fickle, John Cerveney, Jeremiah Casey and John Casey are named as appellees. The insurance company appeared and declined to join in the appeal. William Luken, Mary E. Casey and Anton J. Lintz separately assign errors.

Appellees, in support of the decree in this case, are content with a brief in which it is claimed that no question is presented for our consideration because of appellants' failure to comply with the rules of this court in briefing the cause. While there is great confusion and irregularity in the brief for the appellants indicating that counsel either did not fully comprehend the rules or failed to exercise care in stating the record, upon a fair consideration of the brief we are of the opinion that the cause ought not to be dismissed upon the grounds urged by appellees.

Considering the questions which seem to be fairly presented, it appears that when the senior mortgage held by the insurance company was foreclosed and the land ordered sold, the issue between the defendants relative to the junior mortgages had not been completed,

No issue of seniority as between the defendants to that proceeding had been settled. For the settlement of that issue alone the cause was properly continued and issues thereafter formed. The special findings rendered long after the trial of those issues had no reference to the distribution of the surplus. Appellee Fickle, who had been substituted for Jeremiah and John Casey, was treated in the findings as having succeeded to their interests in the suit. After a decree had been thus entered by the consent of all the parties upon the senior mortgage, foreclosing it as to the liens of all the defendants to which it was superior, it was not error for the court to permit the parties before it to proceed in the formation of issues upon the cross-complaints upon the inferior mortgages. The fact that a mortgagee is a party to a suit upon a senior mortgage in which the senior mortgage is foreclosed does not preclude him from afterwards foreclosing his junior mortgage. *Coleman* v. *Witherspoon* (1881), 76 Ind. 285. The junior mortgage liens still continued during the statutory period for redemption. *Becker* v. *Tell City Bank* (1895), 142 Ind. 99, 101. The court's action on the pleading filed by William Luken after the evidence had been heard on the cross-complaints, and while the court had the matter under advisement, is not pointed out by appellants, nor do we find in the record any attempt to have any ruling or issue formed thereon. He was not interested in the surplus, and from the record it appears that the court entirely overlooked this pleading.

The determination by the special findings of the issues upon the cross-complaints was wholly independent of the question as to the distribution of the surplus arising through the sale upon the *venditioni exponas.* That surplus having come into existence during the long delay in the rendition of the special findings, it was sought to present the question as to its distribution by the petition of Mary E. Casey filed October 7, 1905, and by the petition

of Lintz filed November 9, 1905, and the petition of Fickle presenting the question as to such distribution, filed after the making of the special findings and before the entering of the decree thereon. It appears that the court and parties treated the matters arising on these petitions as supplemental to the issues upon which the special findings were made. The decree follows the conclusions of law on the special findings, and at the same time and as a part of the same decree the distribution of the surplus was ordered on the petitions. The whole matter was of equitable jurisdiction, and upon the theory of administering complete relief (*Spidell* v. *Johnson* [1891], 128 Ind. 235), and the trial was not concluded until a final decree (*Hotsenpiller* v. *State* [1895], 144 Ind. 9), the court acting as a court of chancery had the power to make such order in the premises as equity and justice seemed to require. *Doherty* v. *Holliday* (1894), 137 Ind. 282, 287.

There is a bill of exceptions showing the evidence on the trial which ended June 10, 1904, but there is no bill showing the evidence on the hearing of these petitions for distribution of the surplus. It therefore affirmatively appears that the evidence is not all in the record, and no question thereon is presented.

The motions for a new trial had the title of the original suit, and were motions for a new trial "of the above-entitled cause." These motions indicate by their contents that it was sought thereby to obtain a new trial on the issues involved in the court's special findings, without regard to the matters involved in the petition for distribution of the surplus. As these motions only go to a part of the action as finally determined by the court, and included in the judgment, there was no available error in refusing to sustain them. *Heberd* v. *Wines* (1886), 105 Ind. 237; *Board, etc.,* v. *Nichols* (1894), 139 Ind. 611; *Baun* v. *Thoms* (1898), 150 Ind. 378, 65 Am. St. 368. One of the

grounds in support of the motion of Mary E. Casey for a new trial was based upon the action of the court in overruling her motion for a change of venue from the regular judge. This application was expressly placed upon the ground that she could not have a fair and impartial trial of her petition asking a distribution of the proceeds derived from the *vendi* sale. It was filed after the trial, to which the special findings relate, and while the cause was held under advisement before the making of the special findings, and could not be considered as applicable to that trial.

If we are correct in holding that a junior mortgage may be foreclosed after the foreclosure of a senior mortgage on the same land, no reason has been pointed out authorizing us to hold that the special findings of the court were not sustained by sufficient evidence or were contrary to law, and no other matter properly assignable in a motion for a new trial was included in the several motions therefor by Mary E. Casey, Anton J. Lintz or William Luken. Fickle redeemed as the owner of a junior judgment, and caused a *vendi* sale of the land. The sale produced a surplus. When the matter of the distribution of this surplus was determined by the court, he was a judgment creditor in the suit upon the junior mortgages. At that time Luken had a sheriff's deed to the land as the purchaser at the redemption sale. The time in which Fickle could pursue the land had passed. For the payment of his claim he must look to the surplus and a personal judgment against William Casey. The surplus which arose in this case took the place of the land, and the lien of appellees'. mortgages was transferred to it. *Clapp* v. *Hadley* (1895), 141 Ind. 28, 50 Am. St. 308. The statute (§816 Burns 1908, §773 R. S. 1881) provides that "if, during the year hereinbefore allowed for redemption, the real estate, or interest therein, sold by the sheriff, or any parcel or parcels thereof sold separately, shall be redeemed by any judg-

ment creditor, as aforesaid, and remain unredeemed by the owner or part owner, or by any person claiming under them, at the expiration of such year, the last redemptioner shall be, immediately thereafter entitled to sue out an execution, in the nature of the *venditioni exponas*, upon his judgment, by virtue of which he made his redemption, * * * and the redemptioner suing out such execution shall be deemed the bidder, * * * and, if no one bid more, he shall be deemed the purchaser for that amount, and the sheriff shall, immediately upon the perfecting of such sale, execute to the purchaser a conveyance of the premises, which shall convey to the purchaser all the title and interest of the owner sold under the original execution.'' It is further provided in the same section that ''any surplus remaining, after satisfying the costs of sale and amount due him on account of redemption, shall be paid to the clerk, for distribution, as hereinafter provided. Such sale shall discharge the lien of the judgment on which the original sale was made, and the liens of all intervening judgments and decrees; and if any surplus remain after satisfying the execution upon the last sale, it shall be distributed by the court from whence said execution issued, among the judgment creditors whose liens are junior to that under which the original sale was made, according to their original priorities and equities.'' Fickle's decree under the Jeremiah Casey mortgage was for a sum exceeding the amount of the surplus, and his lien thereunder was superior to all the other judgment liens. He was plainly entitled to have the whole surplus awarded to him, unless Mary E. Casey was entitled to it or to some part thereof.

Reliance is placed by counsel for Mary E. Casey upon §3052 Burns 1908, §2508 R. S. 1881, which provides that ''in all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such

interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of a married woman now becomes absolute upon the death of the husband, whenever, by virtue of said sale, the legal title of the husband in and to such real property shall become absolute and vested in the purchaser thereof, his heirs or assigns, subject to the provisions of this act, and not otherwise. When such inchoate right shall become vested under the provisions of this act, such wife shall have the right to the immediate possession thereof; and may have partition, upon agreement with the purchaser, his heirs or assigns, or upon demand, without the payment of rent, have the same set off to her.'' It clearly appears that Mary E. Casey was not a party to the junior mortgages or the junior judgments, but she, with her husband, executed the senior mortgage to the insurance company. In the suit to foreclose the latter mortgage she ·was a party defendant. To that suit she appeared, and with the other defendants consented to a foreclosure against all the defendants, without setting up any claim for the protection of any right of hers in the mortgaged land, and a decree of foreclosure was entered against her and the other defendants under which the land was sold for enough to satisfy the decree under the senior lien so foreclosed, without any surplus. The only redemption was made by a junior judgment creditor, who caused the resale under which appellant Luken became the purchaser and received his deed. The effect of the redemption and the mode of procedure to be pursued by the redemptioner and the disposition to be made of the surplus on the redemptioner's sale are statutory.

At the end of the year for redemption the right to redeem expired, though the title would not pass under the foreclosure sale until the execution of a deed to the holder of the certificate of sale. *Cornett* v. *Hough* (1894), 136 Ind. 387; *Hill* v. *Swihart* (1897), 148 Ind. 319. Such a deed was not executed. There was a redemption by a

judgment creditor. Redemption left the title still in the mortgagors, the owners. *Robertson* v. *VanCleave* (1891), 129 Ind. 217, 233, 15 L. R. A. 68. The land was resold, and the statute required the sheriff, immediately after perfecting the sale, to execute a deed to Luken, the purchaser. The statute provides that such deed shall convey to the purchaser "all the title and interest of the owners sold under the original execution." The title passed from Casey and wife to Luken. Not under his certificate of sale, but under his deed received upon resale. By the failure of Mary E. Casey to redeem within the year her right to redeem was lost as fully as was that of her husband. *Breedlove* v. *Austin* (1897), 146 Ind. 694. The redemption of Fickle did not release the lien of the decree of foreclosure as against Mary E. Casey. *Patterson* v. *Rosenthal* (1889), 117 Ind. 83; *Breedlove* v. *Austin, supra*. The sale by the redemptioner is to be regarded as having been made under the original decree, and his title secured by that sale relates back to the date of the execution of the mortgage on which it was redeemed. *Patterson* v. *Rosenthal, supra*. By the terms of the statute this resale discharges the lien of the decree on which the original sale was made, and the liens of all intervening judgments and decrees. The surplus, if any, arising from this sale is to be distributed among the judgment creditors, whose liens are junior to that under which the original sale was made, "according to the original priorities and equities." It was the land of the husband that was sold upon the redemption sale, and the surplus is part of the proceeds of the land, in which the wife had an inchoate interest. Her inchoate right is paramount to the claims of creditors of her husband, though she joined with her husband in the execution of a mortgage upon his real estate, and she may, in a suit to foreclose the mortgage, have protection of her interest, if the whole of the mortgaged real estate be not required to satisfy the judgment. *Green* v. *Estabrook* (1907), 168 Ind.

123.  She is entitled to one-third of the purchase price of the land, less the amount necessary to satisfy the decree. *Purviance* v. *Emley* (1891), 126 Ind. 419; *Kelley* v. *Canary* (1891), 129 Ind. 460.  The decisions of the courts of this State manifest a strong purpose to protect for the wife this interest as against her husband's creditors. *Shobe* v. *Brinson* (1897), 148 Ind. 285; *Marmon* v. *White* (1898), 151 Ind. 445.  The mortgages transferred to Fickle were executed by William Casey alone to secure his individual notes.

While the surplus was still in the control of the court, Mary E. Casey, by her petition, sought the protection of her interest in it, and contested with the individual judgment creditors for its possession.  If she had such interest as she claimed, her application was not wholly untimely.  The value of the inchoate interest of the wife in the land of her husband, when it is sold under execution or decretal order and the title vests in the purchaser, is one-third of the value of the land, except as otherwise provided by statute. *Marmon* v. *White, supra.*  The value of the real estate for the purposes of this case may at least be fixed at the amount paid for it by Luken at the resale. After the payments required by the statute out of the purchase money there remained as a surplus less than one-third the value of the property.

The spirit of the statute before mentioned, relating to rights of a married woman upon a judicial sale of her husband's real estate, as that statute has been applied by our courts, requires us to hold, under the pleaded facts, that the entire surplus should go to Mary E. Casey.

While the appellants have brought to this court a long transcript containing all the proceedings and pleadings, commencing with the filing of the complaint to foreclose the mortgage of the insurance company, yet in reality the only dispute presented by this appeal involves the disposition of the surplus from the resale by the redemptioner, Fickle.  Neither of the parties to this con-

troversy, as shown by the transcript before us, except Luken, has any lien or interest in the land. Luken, at the price bid by him at the resale, and through the sheriff's deed, took the title and complete ownership of the land in question, freed from all mortgage and judgment liens mentioned in these proceedings. The real meritorious contest is between Mary E. Casey and appellee Fickle over the disposition of said surplus. While Mary E. Casey's demurrer to the petition or complaint of appellee Fickle was not decided, she has here assigned error challenging that petition for want of facts. Upon reason and authority this assignment is well supported, and the judgment awarding the surplus to appellee Fickle is reversed, and the cause remanded for further proceedings in accordance with this opinion.

Roby, C. J., absent.