West Frankfort Building & Loan Association et al., Appellants, v. L. C. Dorris et al., Appellees.

October term, 1929.  Heard in this court at the Opinion filed October 29, 1930.

FRANK E. TROBAUGH and MOSES PULVERMAN, for appellants.

D. F. MOORE, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

This appeal presents the question, upon the record before us, whether the mortgagor or mortgagee is entitled to rents collected by a receiver, from the mortgaged real estate, during the pendency of a foreclosure suit and during the period of redemption fixed by a decree of strict foreclosure, where the mortgage pledges the rents as security for the debt. Considering the question as an abstract proposition of law, no authorities have been cited by either parties to the appeal, nor have we been able to find any, which are decisive, or bearing directly on a solution of the question. It is therefore incumbent upon this court to reach a conclusion in the case under a review of the proceedings of the lower court which are now before us, being guided by such established principles of law and equity which we deem applicable to the situations and respective rights of the parties as the same are now shown by the record.

An examination of the record discloses that the West Frankfort Building and Loan Association, on April 22, 1926, filed its bill for strict foreclosure of the real estate mortgage, executed on December 28, 1923, by one L. C. Dorris and securing its loan of $10,000 made to said Dorris. The bill asks for the appointment of a receiver to take charge of said mortgaged premises and to collect the rents, issues and profits thereof. On June 1, 1926, a receiver was appointed who acted as such during the pendency of the suit and until the expiration of the period of redemption; the order appointing the receiver directed him to hold the rents received subject to the order of the court. A long time elapsed before the suit was brought to an issue and a decree of strict foreclosure, granting a 90-day redemption period from its rendition was not

entered until December 13, 1928. All the parties to this appeal agree that the appointment of the receiver and the decree of strict foreclosure was proper and that the receiver has on hand $1,143.83 as rents by him collected, which amount is the subject matter of the controversy.

This appeal is solely from an order of the lower court awarding the entire amount to the appellees upon written petitions filed for a distribution of the fund. These petitions were filed after the rendition of the decree of foreclosure as is more specifically hereinafter stated. The rights of the claimants to the fund and their positions as parties interested therein, on the date the order was entered, depend upon the proceedings had in the lower court prior to that date. At the time the foreclosure was filed there had been numerous judgments entered against the mortgagor all of which, however, were subject to the mortgage which was in all respects a first lien on the premises. Among these judgment creditors are the four appellees, who, as their claims to the fund must be separately considered, are now designated by name, viz.: Stamper-Meyer Grocery Company, Icenhauser Company, Globe Mills, Inc., and American Bed Company. The Icenhauser Company and the Globe Mills, Inc., were not made parties to the bill, but upon leave being granted them by the court, they were made parties defendant to the suit and joined in the answer of the other two appellees who were made parties defendant by the bill. The answer set forth, among other defenses, that the loan and the mortgage were ultra vires of the complainant corporation; none of which defenses were sustained upon the hearing before the chancellor. The decree of foreclosure found that no executions were issued on the judgments of the Stamp-Meyer Grocery Company and American Bed Company within one year from the date of the rendition thereof and for that reason the judgments are not liens against the mortgaged prem-

ises; that the judgments of the Icenhauser Company and the Globe Mills, Inc., were obtained before a justice of the peace and that no executions were issued thereon within one year from the date of the filing of the transcripts of said judgments; and that they are not liens against the mortgaged premises; that the justice of the peace did not have jurisdiction of the person of the mortgagor at the time the two latter judgments were rendered and that said judgments are null and void.

Other judgment creditors of the mortgagor, and also the mortgagor, were made parties to the bill, but not appearing, they were all defaulted and the decree of strict foreclosure was entered against them *pro confesso*. The decree found that the judgments of these creditors were subject to the mortgage, but did not otherwise determine any rights of these parties. The mortgagee was also a judgment creditor of the mortgagor but it did not in its bill set up any lien or right against the mortgagor or the mortgaged premises under its alleged judgments.

The decree found that the mortgagor to secure the aforesaid loan and debt conveyed the real estate described in the mortgage to the mortgagee "together with the rents, issues and profits thereof"; that the mortgage provided for the appointment of a receiver to collect the rents and profits arising out of the mortgaged premises during the pendency of the foreclosure suit and "until the expiration of the time for redemption from sale, such rents and profits to be applied to the mortgage indebtedness." The decree, following the allegations in the bill, also found that the mortgagee "is willing to accept a conveyance of said mortgaged property in full payment of the debt, interest and costs due it in the same cause."

On February 11, 1929, the appellees filed a written motion alleging that the receiver had never rendered

an account of the rents collected by him; that the rents were not taken into account in fixing the amount due the mortgagee and have never been accounted for or paid over; that by the terms of the decree the mortgagee was given said property, subject to redemption, in full satisfaction of its debt and costs. The motion asked for a rule on the receiver to render an account of and pay over said rents pursuant to the order of the court.

On February 27, 1929, the appellees filed a petition for a distribution of the amount of the rent remaining with the receiver. The petition alleges that appellees are judgment creditors of L. C. Dorris, the owner of the equity of redemption, and that executions are outstanding on the judgments; that all sums due mortgagee under the mortgage have been paid and satisfied, and nothing is due it; that the defendant mortgagor is insolvent. The motion requests an order on the receiver to pay the money in his hands to the sheriff, to be applied on said executions in the order of the priority.

On May 6, the mortgagee filed a written motion for an order on the receiver to pay to it all money in his possession, and, for grounds of said motion, alleged that in the cause a decree of strict foreclosure was entered; that the mortgage foreclosed mortgaged the real estate together with the rents, issues and profits arising therefrom; that the decree found that the mortgaged property was scant security and the mortgagee would accept the security of said mortgage in full of said mortgage indebtedness; that complainant became entitled to said mortgaged premises, together with the rents and profits thereof, from and after default of the mortgagor; prays for an order directing receiver to pay all rent collected to complainant. On the same day the above motion was filed the mortgagee, as a judgment creditor of the mortgagor, and

together with eleven other judgment creditors of whom nine were parties to the suit filed a petition to distribute the funds in the hands of the receiver. This petition requested that in the event that the court determined that the mortgagee is not entitled to said rents, that the court enter an order directing said receiver to pay the judgment creditors of the defendant mortgagor the various amounts due on their several judgments in order of their priority as may be determined by the court upon a hearing. Attached to the petition is a list of the judgment creditors of the mortgagor showing the date and amount of their judgments including the dates executions were issued on the judgments, if any were ever issued. The motion and the petition thus filed on May 6, 1929, were denied by the trial court and exceptions taken thereto by the mortgagee and the judgment creditors named in the motion excepted to the order of the court denying their motion.

On May 6, 1929, upon a hearing upon the motion and petition, the court found that the appellees were judgment creditors of the mortgagee as alleged in their petition; that the judgments of the Icenhauser Company and the Globe Mills, Inc., were obtained before a justice of the peace and that transcripts of said judgments appear in the records of the lower court; that appellees appeared in the cause and asserted their rights under their judgments continually throughout the proceedings in the case and have exercised due diligence in pursuit of their rights; that by reason of their diligence in pursuing their rights in the case they are entitled to the money now in the hands of the receiver. And the court ordered that the receiver bring the said sum of $1,143.83 into court to be pro rated among said judgment creditors by the clerk of the court according to the respective amounts of their judgments and credits thereon, after payment of court

costs. To which decision and ruling of the court the mortgagee and the parties mentioned in the second motion filed on May 6, 1929, jointly and severally except and pray an appeal to this court.

The parties to this appeal have entered into a stipulation which, among other things, provides that the appellees are the only judgment creditors who made a defense in the foreclosure suit and took any steps whatever in objecting to the original report of the receiver; that the bill, the decree, the answer, replication and petitions with reference to the receiver's report are made a part of the stipulation and it together with the petitions, pleadings and decree of the court when certified to by the trial judge, shall be the certificate of evidence covering the case.

The motions and petitions asking for a distribution of the funds in the hands of the receiver being supplementary to the decree of foreclosure, no relief could be granted thereon inconsistent with such decree. *Cutting v. Tavares, O. & A. R. Co.*, 61 Fed. 150, 9 C. C. A. 401. The decree of foreclosure found that the justice of the peace did not have jurisdiction of the person of L. C. Dorris at the time the judgments were rendered, and that the judgments of the appellees, Icenhauser Company and Globe Mills Co., Inc., were null and void. There is no evidence appearing in the record, at any stage of the case, proving or substantiating their claim or right to a participation in the fund. The latter statement is also applicable to the situation of the American Bed Company, and the Stamper-Meyer Grocery Company, and of the appellant judgment creditors who joined in the petition for distribution filed May 6, 1929.

The abstract shows they did not prove their judgments by any evidence in court.

The stipulation entered into by and between the parties to this appeal in the absence of the concurrence

of the mortgagor, L. C. Dorris, does not supply anything in the way of proof in the record. . The name of the court in which the judgments were obtained, the amounts thereof, and credits thereon, if any, nowhere appear from any evidence preserved in the record. We, therefore, decide that the appellees, Icenhauser Co., the Globe Mills Co., Inc., the American Bed Company and the Stamper-Meyer Grocer Company, and the appellants who claim an interest in the fund as judgment creditors of the mortgagor have not proved by competent evidence introduced in the case and preserved in the record that they have any interest in the fund in the hands of the receiver. *Ellis v. Southwell,* 29 Ill. 549; *Lucken v. Fickle,* 42 Ind. App. 445, 84 N. E. 561; *Standish v. Musgrove,* 223 Ill. 500.

The question of the right to rents collected by a receiver in a foreclosure suit as between mortgagor and the mortgagee, where there has been a sale of the property, has been the subject of much litigation in this State as is shown by the case of *Straus v. Bracken,* 242 Ill. App. 122, where many cases decided by our Supreme Court and Appellate Courts are reviewed.

What the general rule is in cases where the rents and profits have been pledged for the payment of the mortgage debt, interests and costs, need not be decided in this case, for the complainants in their bill ask for strict foreclosure, and the decree finds, ''the complainant is willing to accept the conveyance of said mortgaged property to it in full payment of the debt, interest and costs due in this case.'' This decree was filed in the circuit court of Franklin county on December 13, 1928. The complainant by electing to have strict foreclosure of its mortgage and by accepting the property in full payment of the mortgage debt, interest and costs, is now estopped from any claim or title to the funds in the hands of the receiver.

For the reasons above stated it is our opinion that none of the judgment creditors have shown a right to participate in this fund, and the complainant by electing to have strict foreclosure is barred from participating in the fund. The judgment of the circuit court of Franklin county is hereby reversed and the case remanded.

*Reversed and remanded.*